**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patrick Loring ROBINSON and Matthew Wilford Madsen,
Defendants–Appellants.**

No. 79–5730
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Jan. 26, 1981.

Rehearing and Rehearing En Banc
Denied March 4, 1981.

Clyde M. Taylor, Jr., Tallahassee, Fla., for Robinson.

Alvin E. Entin, North Miami Beach, Fla., for Madsen and Robinson.

Deborah Watson, Robert J. Erickson, Attys., Crim. Div., Appellate Sect., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Both appellants were convicted of conspiracy to possess 1000 pounds of marijuana with intent to distribute, 21 U.S.C. § 846 (1976); appellant Robinson also was convicted of using a facility in interstate commerce with the intent to carry on the illegal distribution of narcotics, 18 U.S.C. § 1952(a)(3) (1976). Appellants advance two points on this appeal: first, that the district court erred in admitting, pursuant to the hearsay exception of Fed.R.Evid. 804(b)(3), an out-of-court statement of one Jack Quick made to two FBI agents; second, that the trial court erred in admitting evidence of events allegedly constituting a second, distinct conspiracy that took place following the conclusion of the conspiracy charged in the instant case. Both points lack merit and warrant only brief discussion here.

Rule 804(b)(3) authorizes a trial judge to admit, as an exception to the hearsay rule, "[a] statement which . . . at the time of its making . . . so far tended to subject [the declarant] to . . . criminal liability . . . that a reasonable man in his position would not have made the statement unless he believed it to be true," provided that the declarant is "unavailable as a witness." The declarant, Quick, plainly was unavailable as a witness. Quick had been convicted on the same conspiracy charge (before the same trial judge) a month earlier; he was called as a prosecution witness in appellants' case and invoked the fifth amendment. He was, immediately, granted immunity but still refused to testify, deciding, apparently, that he was better off going to jail for contempt than testifying.

The statement was also plainly against the declarant's penal interest; he squarely implicated himself, and appellants, in the conspiracy charged in the indictment. The statement was introduced, through the agents, in Quick's trial on the charge, because it was probative of the conspiracy and his complicity in the offense.

Finally, there was ample evidence to corroborate the declarant's statement, authorizing the trial judge to find it to be trustworthy within the meaning of our holding in *United States v. Alvarez*, 584 F.2d 694, 701 (5th Cir. 1978), that "hearsay testimony is admissible under Rule 804(b)(3) only if 'corroborating circumstances clearly indicate the trustworthiness of the statement.'" Quick's statement was taken in his own office; he was not "in custody" at the time. Quick was told that he was a suspect in the conspiracy and was given a *Miranda* caution. The agents made no promises; they gave Quick no reason to believe that it would help him with the government if he inculpated others, such as the appellants; Quick never attempted to shift the balance elsewhere. In short, Quick made a knowing and voluntary statement, one subsequently determined by the trial judge to be worthy of admission against Quick himself. When Quick's statement was offered against appellants, the trial judge found that the statement was fully corroborated by the totality of the evidence in the appellants' case and that the evidence developed at Quick's trial reinforced this finding. "The consideration of (an out of court) statement's trustworthiness raises a question of fact ordinarily to be reviewed according to a clearly erroneous standard," *United States v. Alvarez*, 584 F.2d at 694, 701, and we cannot say that the trial judge's finding of trustworthiness in this case can be overturned under that standard. Moreover, the admission of a rule 804(b)(3) hearsay statement so clearly

against the declarant's penal interest and so completely corroborated as this one was does no violence to the defendant's sixth amendment right to confrontation.

■ The evidence at trial established that, on August 18, 1978, the marijuana transaction the appellants, and others, had conspired to consummate fell apart; the marijuana, which had been paid for, was not delivered as planned. The government sought to establish that the conspirators, including appellants, continued to act through August 19 in an attempt to locate the marijuana or to retrieve their money. In the process, the appellants, and others, "kidnapped" one Carl Roberts and took him to Quick's farm; their purported intent was forcibly to hold Roberts hostage there until the marijuana (or their money) was obtained. The appellants contend that this evidence is inadmissible as extrinsic to the charged conspiracy offense; implicit in their contention is that any probative value the evidence may have had was "substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. We think the evidence was highly probative of the conspiracy and the extent of appellants' interest in it. It was probative, also, of specific intent, an important element of the offense. Finally, it was corroborative of Quick's statement to the FBI agents implicating himself and the appellants in the illicit venture. In sum, appellants' claims of error are meritless.

Since the imposition of sentence, the Supreme Court has held that it is improper for a court to sentence defendants found guilty of the charged conspiracy offense to a special parole term. *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). Accordingly, the district court, following the issuance of the mandate, must amend appellants sentence to delete the special parole terms.

AFFIRMED with instructions.