**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur B. AVERY, Sr.; Alisa D. Avery, Defendants-Appellants.**

No. 84–3084.

United States Court of Appeals, Eleventh Circuit.

May 21, 1985.

---

bility of the government's key witnesses during rebuttal and closing argument. We affirm the conviction of Arthur B. Avery, Sr. but reverse the conviction of Alisa D. Avery.

## I. FACTS

Arthur B. Avery, Sr. and his daughter Alisa D. Avery were indicted along with Pete Schneider for conspiracy to deal in cocaine, methagualone, marijuana, and other related offenses in 1983. The indictment additionally charged Arthur Avery with two counts of perjury alleging that he falsely denied knowing how his daughter Alisa Avery first became involved with drugs. Prior to trial both Arthur and Alisa Avery moved to sever the perjury counts against Arthur Avery from the counts charging both with cocaine offenses based upon Fed.R.Crim.P. 8 and 14. The district court granted the motion as to one of the perjury counts but did not sever the other perjury count. Subsequently and prior to trial, Pete Schneider pled guilty and offered testimony that he had received cocaine from and sold cocaine to Arthur and Alisa Avery.

Stuart C. Markman, Tampa, Fla., for A.B. Avery.

Claude H. Tison, Jr., Tampa, Fla., for A.D. Avery.

Lee Atkinson, Asst. U.S. Atty., Tampa, Fla., Janis Kockritz, U.S. Dept. of Justice, Washington, D.C., for United States.

Before RONEY and CLARK, Circuit Judges, and SIMPSON, Senior Circuit Judge.

CLARK, Circuit Judge:

Arthur B. Avery, Sr. and Alisa D. Avery were convicted on four counts for violating the federal narcotics laws.[1] Arthur B. Avery, Sr. was acquitted on one count of perjury before the grand jury.[2] In this appeal the appellants raised the following issues: (1) whether the indictment against the appellants properly joined the four drug related counts with the perjury count against appellant Arthur B. Avery and whether the admission of evidence on the perjury count violated Alisa Avery's confrontation rights; and (2) whether the prosecutor impermissibly vouched for the credi-

The case went to trial in December of 1983. During the trial, Alisa Avery repeatedly renewed her motions for severance. These motions were denied. The government's case consisted largely of the testimony of Tracy Winn. Her testimony was that she distributed cocaine provided by Arthur and Alisa Avery. Pete Schneider testified that he had also distributed narcotics provided by the Averys. The government's case was further supported by documentary evidence which essentially corroborated Ms. Winn's story that she had made several trips to Cleveland, Ohio to

---

**1.** The appellants were convicted on the following counts: (1) conspiring to distribute marijuana, cocaine and quaaludes in violation of 28 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; (2) causing interstate travel with the intent to promote an illegal business enterprise involving controlled substances in violation of 18 U.S.C. §§ 1952 and 2; (3) causing an interstate money order to be sent for the purpose of distributing the proceeds of an illegal business enterprise in violation of 18 U.S.C. §§ 1952 and 2; and (4) possessing cocaine with the intent to distribute

it in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

**2.** The original indictment charged the appellant Arthur B. Avery, Sr. with two counts of perjury before the grand jury in violation of 18 U.S.C. § 1623. Prior to trial, the district court granted his motion to sever one of the perjury counts. The motion to sever the other perjury count was denied.

sell drugs and that she wired money back to Alisa Avery.

The credibility of Winn and Schneider was the subject of most of the collateral evidence introduced by both sides. Furthermore, it was the unchallenged focus of the closing argument.

## II. THE LEGAL ISSUES IN CONTEXT

### A. *The Severance Motion*

■ Appellants argue that the perjury count against Arthur Avery was improperly joined with the other counts. Alisa Avery further argues that the government's use of her father's grand jury testimony violated her constitutional rights pursuant to the confrontation clause of the Sixth Amendment. The propriety of the joinder in a multi-party indictment is evaluated under Fed.R.Crim.P. 8(b).[3] Rule 8(b) is designed to prevent the accumulation of prejudice that occurs when several defendants are charged with similar but unrelated offenses. *United States v. Donaway,* 447 F.2d 940 (9th Cir.1971). Generally, the test for whether counts are misjoined under Rule 8(b) is whether the acts alleged in the indictment are unified by some substantial identity of facts or participants. *United States v. Butera,* 677 F.2d 1376 (11th Cir. 1982). If the counts are improperly misjoined under Rule 8(b), then the misjoinder is prejudicial per se. *United States v. Levine,* 546 F.2d 658 (5th Cir.1977). However, even if the counts are properly joined under Rule 8(b), the defendant is still entitled to a severance if he can show specific and compelling prejudice due to the counts being joined. *Butera, supra,* 677 F.2d at 1385. Its determination is usually made by asking whether a jury can keep the evidence against each individual defendant differentiated.

The courts have recognized, however, that the fact that a perjury count is joined with other counts does not necessarily constitute a violation of Rule 8. *United States v. O'Connell,* 703 F.2d 645, 648 (1st Cir.1983). The First Circuit observed in a case involving conspiracy to receive stolen goods and perjury before a grand jury investigating the theft that the sufficient, " 'relatedness of offenses can be established by demonstrating that essentially the same facts must be shown for each of the consolidated crimes.' " (citations omitted). *See also United States v. Duzac,* 622 F.2d 911, 913 (5th Cir.) *cert. denied,* 449 U.S. 1012, 101 S.Ct. 570, 66 L.Ed.2d 471 (1980).

### 1. *Arthur Avery*

■ As to appellant Arthur Avery, we hold that there was no misjoinder. Mr. Avery testified before a previous grand jury about events related to the substantive counts he and his daughter were tried for in this case. The government contended at trial that in order to believe that Mr. Avery perjured himself the jury had to believe that he participated in the conspiracy alleged in the substantive counts. Therefore, the facts underlying the perjury in the other counts were sufficiently related so they can be deemed to be part of the same transaction.

■ Further, we find no specific and compelling prejudice that warranted a severance as to Arthur Avery pursuant to Fed.R.Crim.P. 14, which commits the severance ruling to the discretion of the trial court.[4]

The two primary examples of prejudice asserted by Arthur Avery center around a reference to a separate criminal case and a

---

**3.** Fed.R.Crim.P. 8(b) provides:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all the defendants need not be charged in each count.

**4.** Fed.R.Crim.P. 14 states:

If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.
. . . .

reference to gambling on professional sports. We find no specific and compelling prejudice against Arthur Avery from the admission of these statements. Had there been no joinder, evidence concerning the conspiracy, travel, and possession counts would still have been admissible in a separate perjury trial to show the falsity of appellant's statements as well as his motive and intent to lie.[5] Additionally, the district court instructed the jury that the grand jury transcript was only to be considered as to the perjury count. Furthermore, the court deleted material prejudicial to Arthur from the transcript.

### 2. Alisa Avery

 As to Alisa Avery we reach a different conclusion. In *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) the Supreme Court held that the admission of a non-testifying co-defendant's confession that implicated petitioner, a co-defendant, violated the petitioner's right of cross-examination secured by the confrontation clause of the Sixth Amendment. 391 U.S. at 126, 88 S.Ct. at 1622. The court reasoned that a jury cannot effectively disregard a confessor's extra judicial statement that his co-defendant participated with him in committing the crime. *Id.* As this circuit has recognized, the admission of an out-of-court statement admissible only against one non-testifying co-defendant that implicates another co-defendant can present the compelling prejudice that requires a severance, regardless of whether the trial court gives a limiting instruction. *United States v. Astling*, 733 F.2d 1446, 1454 (11th Cir.1984). We find such compelling prejudice here.[6]

The district court here did redact portions of the grand jury transcript that it considered prejudicial. However, one very significant statement by Arthur Avery was presented to the jury. When he testified before the grand jury the following colloquy took place:

Q. But your daughter did admit to you that she had gotten the dope to give to those people—

A. [Arthur Avery] Yes, sir.

Q. —to sell to those people; is that correct?

A. [Arthur Avery] Yes, sir.

Clearly, a father's statement that his daughter had admitted to him that she had sold drugs and obtained drugs to sell to people, under the circumstances of this case provides specific and compelling prejudice to warrant a severance. The appropriateness of a severance in this case was highlighted by the fact that the district court had already severed one of the perjury counts. It would have not have been an undue burden on the government to prosecute both perjury counts together. This would have given appellant Alisa Avery safeguards and protected her from the prejudice caused by her father's grand jury statement.[7]

Furthermore, we cannot conclude that the admission of this grand jury testimony was harmless error. The essence of the government's case was the testimony of Tracy Winn. Her testimony was corroborated in part by Pete Schneider and also by

---

**5.** Although evidence concerning the perjury count might not have been admitted at the conspiracy trial had count 6 been severed, Arthur Avery's conviction on the remaining counts of the indictment did not rest on the perjury count evidence. Rather, the government's case rested essentially on the testimony of Tracy Winn and Pete Schneider.

**6.** As we hold that there was a *Bruton* violation in this case, we will not examine the issue of whether there was misjoinder as to Alisa Avery under Fed.R.Crim.P. 8.

**7.** The government argues that Arthur Avery's testimony does not constitute a *Bruton* violation

because his testimony before the grand jury did not constitute a confession but rather involved his denials of complicity in drug trafficking. We reject this position. *Bruton* is not limited to confessions. The self-incriminatory nature of the statement is immaterial. It is the fact that it incriminates a defendant other than the non-testifying declarant that abridges the co-defendant's constitutional rights of confrontation. *Bruton* holds that any extra judicial statement of one defendant, not otherwise admissible against his co-defendant, may not be introduced in the co-defendant's trial.

documentary evidence that verified specific parts of her testimony concerning travel to different locations to distribute cocaine. Due to the fact that the credibility of Winn and Schneider was the key element in this trial and the fact that Winn was an accomplice, we find that the evidence of guilt was not so overwhelming as to render the *Bruton* violation harmless error. This is especially true in light of the fact that it was Alisa Avery's father who made the statement that his daughter had admitted to him that she was the source of cocaine. Therefore, Alisa Avery's conviction must be reversed.

B. *Prosecutor's Closing Statement*

 During rebuttal argument the prosecutor made the following statement:

It's been suggested to you there was some evidence on this record that Tracy Winn threatened to get revenge. Whose testimony was that? If you are going to come up with a reason for the testimony presented by those witnesses and if that reason is going to be that you have concluded that they have lied out of some motivation that was improper, then you should acquit these Defendants. Is that what you believe? Was there anything in the testimony concerning their agreements as to what they would do that suggested these agreements were based on lying? Were those agreements based on the necessity of their ensuring or doing good enough to convict somebody? We suggest to you there is no evidence of that. If you were to believe that, ladies and gentlemen, then you would have to believe that the Government of the United States is an active participant with them in that conspiracy.

*Record*, Vol. V at p. 141.

Appellants' second argument on appeal urges that the government improperly vouched for its witnesses. This statement,

the government maintains, was in response to an argument made by Arthur Avery's counsel that the government had essentially purchased Tracy Winn's testimony: "Tracy Winn is literally the best testimony money can buy, for a forty-eight hundred dollar down-payment and fifteen hundred dollars a month." *Record*, Vol. V at 117.[8]

The concept of invited reply emerged first in *Lawn v. United States*, 355 U.S. 339, 359–60 n. 15, 78 S.Ct. 311, 322–323 n. 15, 2 L.Ed.2d 321 (1957). In *United States v. West*, 680 F.2d 652 (9th Cir.1982) the court in discussing invited reply said that defense counsel's statement must involve an attack on the government and its conduct of the case. *Id.* at 656. If such an attack is made, the prosecutor may present what even amounts to a boisterous argument if it is specifically done in rebuttal to assertions made by defense counsel in order to remove any stigma cast upon the government or its witnesses. *United States v. Dorr*, 636 F.2d 117, 120 (5th Cir. Unit A 1981).

We have examined the above statements made by both defense counsel and the government in the contexts of the entire closing argument. Although we do not condone the prosecutor's argument, we do not believe, that under the circumstances of this case and the remarks made by defense counsel, that the prosecutor's rebuttal statement constituted error. The U.S. Attorney's argument was a direct response to and was provoked by defense counsel's argument. Appellants cannot complain of a purported error that they invited. *United States v. Trujillo*, 714 F.2d 102, 105 (11th Cir.1983).[9]

The conviction of Arthur B. Avery, Sr. is affirmed. The conviction of Alisa D. Avery is reversed and remanded for a new trial.

· AFFIRMED in part, REVERSED in part and REMANDED.

---

**8.** The statement referred to the fact that Tracy Winn had been accepted under the government's Witness Protection Act.

**9.** Alisa Avery maintains that her counsel did not make the remark that allegedly invited the response and therefore, even if the prosecutor's

statement was invited reply, she was still prejudiced by it. As we have reversed her conviction under the *Bruton* violation, we express no opinion on whether under the facts of another case this may warrant relief.