UNITED STATES of America,
Plaintiff–Appellee,

v.

Ras McCREARY and Otis Meeks,
Defendants–Appellants.

No. 88–7681.

United States Court of Appeals,
Eleventh Circuit.

May 22, 1990.

---

George L. Beck, Jr., W. Terry Travis, Montgomery, Ala., for McCreary.

Tommy Chapman, Evergreen, Ala., for Meeks.

J.B. Sessions, III, U.S. Atty., William Steele, Asst. U.S. Atty., Richard H. Loftin, Mobile, Ala., for plaintiff-appellee.

Before JOHNSON and EDMONDSON, Circuit Judges, and PECKHAM *, Senior District Judge.

PER CURIAM:

A jury convicted Ras McCreary and Otis Meeks of possession with intent to distribute marijuana and of conspiracy to possess with intent to distribute the same. We affirm their convictions.

On July 31, 1987, a pilot for Alabama's marijuana eradication program flew over a plot where he saw several large patches of marijuana. He radioed a ground crew, who broke down a locked access gate and searched the area. Although police found nobody on the scene, they found two pickup trucks (one beige, one red) and a shed. Officers also found keys to the access gate, marijuana residue, ammunition, and a shotgun inside the red truck; ammunition in the beige truck; and marijuana inside a freezer in the shed. Evidence offered at trial connected Meeks with the red truck, McCreary with the beige truck, and showed that McCreary owned the freezer. In addition, McCreary's father owned the land on which the shed was located.

By using tracking dogs, police attempted to find two persons whom the pilot had seen running from the area of the shed. Before losing the scent due to rain, the dogs found a trail and led police to a hat and a loaded rifle. Police found .22 caliber long-rifle, hollow-point shells in the rifle; these shells were the same type of shells found in McCreary's truck. The rifle and hat were found near a house lived in by Christine and Dero Wise, McCreary's sister and brother-in-law, and by Johnnese Askew, McCreary's niece. This house was located a short distance from the shed where police found the freezer, pickup trucks, and marijuana.

Police questioned Askew almost eight months after they searched the McCreary property. While speaking with police, Askew wrote a statement about her uncle's actions on July 31. The statement said that McCreary, nervous and sweaty, came to her house between 8:30 and 9:00 a.m.; took his clothes off and put them in the washing machine; shook pepper on the floor; and tried to contact his lawyer. In addition, Askew noted that McCreary told her to tell police, if they came by, that she was ill and that he was checking on her. Askew also wrote that, on the pertinent day, she had heard a plane flying low over the house and that she had seen dogs and police officers nearby. Last, Askew's statement admitted that her mother Christine—while Askew was in the car—drove McCreary away from the Wise home late that afternoon.

At trial, the prosecution called Askew to the stand and questioned her about her statement. She testified, however, that she was unable to remember the events

---

* Honorable Robert F. Peckham, Senior United States District Judge for the Northern District of California, sitting by designation.

described therein. At the close of trial, the court allowed Askew's written statement into evidence.

Appellants claim [1] the trial court improperly admitted this statement. They argue that the trial court erred in admitting Askew's statement as a statement against interest under Fed.R.Evid. 804(b)(3), an exception to the hearsay rule. *See United States v. Harrell,* 788 F.2d 1524 (11th Cir. 1986). Appellants also say that this error violated their sixth amendment confrontation rights. Because we believe any error the trial court may have committed in this respect is harmless, we decline to decide if the admission of Askew's statement violated the hearsay rule or the confrontation clause. We assume (but do not decide) the statement violated the confrontation clause [2] and apply the harmless-error standard for constitutional error: we affirm only if we believe beyond a reasonable doubt that the jury would have convicted McCreary and Meeks without Askew's statement. *See Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1976).

### 1. McCreary's convictions.

Overwhelming evidence connected McCreary to the crime scene. Eddie Messer, a man who had done some bulldozer and backhoe work for McCreary, testified that Meeks and McCreary, while holding a gun, watched him for the entire two days he worked on the McCreary land. McCreary himself testified that he had spent time working on his father's land, but denied any knowledge of marijuana-growing activities there. This is hard to believe: police testified that they found approximately 3,500 marijuana plants— growing up to sixteen feet tall—on McCreary property. Officers also testified

that some of the plants were visible from pastures near the shed and that tire tracks led from the pastures to at least one of the patches. The plants also appeared to be freshly fertilized and were protected from wildlife by barbed wire. The large number of plants and the substantial effort required to grow them, coupled with McCreary's protective watch over work done near the shed, the fact that marijuana was found in McCreary's freezer, the link between the ammunition found in the rifle and the ammunition found in McCreary's truck, as well as McCreary's own testimony that he spent time on the property, lead us to conclude beyond a reasonable doubt that the jury would have convicted McCreary in the absence of Askew's statement. We therefore find that admission of that statement, even if erroneous, was harmless, *see United States v. Stone,* 604 F.2d 922, 926–27 (5th Cir.1979), and AFFIRM McCreary's convictions.

### 2. Meeks's convictions.

Substantial evidence also supports Meeks's convictions. Police found keys to the gate, ammunition, a shotgun and marijuana residue in Meeks's truck. Messer's statement about being watched while he worked was as applicable to Meeks as it was to McCreary, as was testimony about the number and location of the plants.

When police questioned Meeks about the marijuana found on the McCreary property, Meeks claimed to know nothing about any marijuana and stated that he had been at his girlfriend's house on July 31. Meeks also stated, however, that he could not remember his girlfriend's name. More important, in response to a question about the "marijuana found in the red truck," Meeks replied that "it wasn't in the red truck, it was in the—" and then abruptly stopped

**1.** In addition to the claims discussed below, appellants make several other arguments. These include a *Batson* claim, a claim that the prosecution failed to lay a proper predicate for testimony about the tracking dogs, a sufficiency claim, and a claim that the trial court erroneously allowed the state to show that the seized substance was, in fact, marijuana. We find no merit in these claims.

**2.** Because the standard for harmless constitutional error is more favorable to petitioners than is the harmless error standard under Fed. R.Civ.P. 61, all errors that are harmless under the former are also harmless under the latter. Thus, our finding that admission of Askew's statement was harmless under constitutional error standards disposes of appellants' claims under the hearsay rule.

speaking. Because overwhelming evidence existed to support his conviction, we believe beyond a reasonable doubt that the jury would have convicted Meeks in the absence of Askew's statement. We therefore AFFIRM Meeks's convictions.

AFFIRMED.