**UNITED STATES of America,**
**Plaintiff,**

v.

**Karl KESSLER; Adele Hylback;**
**Darren Shave; and Mary**
**Smeby, Defendants.**

No. CR–01–3032–MWB.

United States District Court,
N.D. Iowa,
Central Division.

Jan. 11, 2002.

C. J. Williams, Assistant U.S. Attorney, Cedar Rapids, IA, for Plaintiff.

Priscilla Forsyth, Assistant Federal Public Defender, Sioux City, IA, for Defendants.

## ORDER REGARDING DEFENDANT KESSLER'S NOTICE TO OFFER STATEMENTS OF ROGER STOCK AND REQUEST FOR PRETRIAL RULING

BENNETT, Chief Judge.

## I. INTRODUCTION AND BACKGROUND

On July 6, 2001, a six-count indictment was returned against defendants Karl Kessler, Adele Hylback, Darren Shave, and Mary Smeby charging defendants with one or more of the following federal offenses: conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine (Counts 1 and 3), in violation of 21 U.S.C. § 846; manufacturing or attempting to manufacture methamphetamine, or aiding and abetting an attempt to manufacture methamphetamine (Counts 2 and 4), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and, possession of one or more firearms by an unlawful user of controlled substances (Count 5), in violation of 18 U.S.C. §§ 922(g)(3).[1] Trial of this case is set for January 14, 2002.

On January 8, 2002, defendant Kessler filed his Notice Of Intent To Offer Statements Of Roger Stock Pursuant To Rule 807 Of the Rules Of Evidence And Request For Pretrial Ruling (# 82). Defendant Kessler's delay in filing this motion was due solely to the fact that the government failed to add Roger Stock's statement to the discovery file in a timely manner. Defendant Kessler filed his motion on the very same day that Stock's statement was added to the discovery file. This is yet another example of the government's mishandling of discovery materials to the detriment of a criminal defendant's trial preparation which results in the last minute adjudication of pretrial motions. In his motion, defendant Kessler seeks a pretrial ruling on the admissibility of portions of a statement that Roger Stock gave to law enforcement officers while jailed. Stock subsequently committed suicide. Defendant Kessler asserts that Stock made statements during this interview which exculpate Kessler and that these statements are admissible under the residual hearsay exception found in Federal Rule of Evidence 807. The government

---

1. Count 6 of the indictment pertains to the forfeiture of the firearms that form the basis for Count 5.

filed its response to defendant Kessler's motion on January 10, 2002.

## II. LEGAL ANALYSIS

 Federal Rule of Evidence 807 provides:

A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

FED. R. EVID. 807. Interpreting the language of Rule 807, which states that it applies only to statements "not specifically covered by Rule 803 or Rule 804," the Eighth Circuit Court of Appeals has applied Rule 807 to statements encompassed by but determined to be inadmissible under either Rule 803 or 804. *See United States v. Earles*, 113 F.3d 796, 800 (8th Cir.1997) (holding that grand jury testimony, although inadmissible under other hearsay exceptions, "may ... be considered for admission under the catch-all exception"), *cert. denied*, 522 U.S. 1075, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998). In *Earles*, the Eighth Circuit Court of Appeals observed that:

We think that "specifically covered" means exactly what it says: if a statement does not meet the requirements for admission under a prior exception, then it is not "specifically covered" by that exception and can be considered for admission under the catch-all. We agree with the reasoning of the Eleventh Circuit:

"If a statement does not satisfy all of the requirements of Rule 804(b)(1), then it is not a statement 'covered by [one] of the foregoing exceptions' within the meaning of Rule 804(b)(5). We consider admissible those statements that are similar though not identical to hearsay clearly falling under one of the four codified exceptions, if the statements otherwise bear indicia of trustworthiness equivalent to those exceptions. The contrary reading would create an arbitrary distinction between hearsay statements that narrowly, but conclusively, fail to satisfy one of the formal exceptions, and those hearsay statements which do not even arguably fit into a recognized mold."

*Earles*, 113 F.3d at 800 n. 3 (quoting *United States v. Deeb*, 13 F.3d 1532, 1536–37 (11th Cir.1994)) (quoting in turn *United States v. Fernandez*, 892 F.2d 976, 981 (11th Cir.1990)). Thus, the phrase "specifically covered" means only that if a statement is admissible under one of the exceptions to the hearsay rule identified in Rules 803 or 804, such exception should be relied upon instead of the residual exception found in Rule 807. *See Earles*, 113 F.3d at 800. However, if the statement is inadmissible under one of the plethora of exceptions to the hearsay rule identified in Rules 803 or 804, the Eighth Circuit Court of Appeals permits the statement to be

considered for admission under the residuary rule. *See Earles*, 113 F.3d at 800.

Therefore, the court must first consider whether Stock's statement is admissible under one of the exceptions to the hearsay rule identified in Rules 803 or 804. Consequently, the court must address whether Stock's statement is admissible under Rule of Evidence 804(b)(3).[2] In particular, the court must ascertain whether Stock's statement is admissible under the second sentence of Rule 804(b)(3):

> A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

FED. R. EVID. 804(b)(3).

■ In order for a statement to be admissible under 804(b)(3), the proponent must show that:

> (1) the declarant is unavailable as a witness, (2) the statement must so far tend to subject the declarant to criminal liability that a reasonable person in the declarant's position would not have made the statement unless he or she believed it to be true, and (3) corroborating circumstances clearly indicate the trustworthiness of the statement.

*United States v. Mendoza*, 85 F.3d 1347, 1351 (8th Cir.1996) (quoting *United States v. Hazelett*, 32 F.3d 1313, 1316 (8th Cir. 1994)); *accord United States v. Keltner*, 147 F.3d 662, 670 (8th Cir.), *cert. denied sub nom. Nabors v. United States*, 525 U.S. 1032, 119 S.Ct. 574, 142 L.Ed.2d 478 (1998); *United States v. Bobo*, 994 F.2d 524, 528 (8th Cir.), *cert. denied*, 510 U.S. 891, 114 S.Ct. 250, 126 L.Ed.2d 203 (1993); *United States v. Seabolt*, 958 F.2d 231, 233 (8th Cir.1992), *cert. denied*, 507 U.S. 971, 113 S.Ct. 1411, 122 L.Ed.2d 782 (1993); *United States v. Amerson*, 185 F.3d 676, 681 (7th Cir.1999); *United States v. Jones*, 124 F.3d 781, 786 (6th Cir.1997); *United States v. Paguio*, 114 F.3d 928, 932 (9th Cir.1997); *United States v. Moore*, 936 F.2d 1508, 1516 (7th Cir.1991); *United States v. Garcia*, 897 F.2d 1413, 1420 (7th Cir.1990); *United States v. Harrell*, 788 F.2d 1524, 1526 (11th Cir.1986); *United States v. MacDonald*, 688 F.2d 224, 232–33 (4th Cir.), *cert. denied*, 459 U.S. 1103, 103 S.Ct. 726, 74 L.Ed.2d 951 (1983). The government concedes only the first requirement, that Stock is unavailable. *See Keltner*, 147 F.3d at 670 (holding that witness was unavailable due to witness' suicide).

■ With respect to the second requirement, whether Stock's statement is against his interest, the Supreme Court has instructed that "this question can only be answered in light of all the surrounding circumstances." *Williamson v. United States*, 512 U.S. 594, 604, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994). Here, Stock clearly makes statements which would tend to expose him to criminal liability. In his statement, Stock admits to using methamphetamine and teaching others how to make methamphetamine. The government, however, argues that the court is

---

**2.** Rule 804(b)(3) excepts from the hearsay rule:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's posi-

tion would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

FED. R. EVID. 804(b)(3).

required to parse Stock's statement and exclude the non-inculpatory parts. The government contends that when this is done, those portions of Stock's statement which are exculpatory toward Kessler must be excluded because they are non-inculpatory with respect to Stock. This precise argument was raised by the government in *United States v. Paguio,* 114 F.3d 928, 932 (9th Cir.1997) and rejected by the Ninth Circuit Court of Appeals:

> [*Williamson v. United States,* 512 U.S. 594, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994)] does not mean that the trial judge must always parse the statement and let in only the inculpatory part. It means that the statement must be examined in context, to see whether as a matter of common sense the portion at issue was against interest and would not have been made by a reasonable person unless he believed it to be true. Sometimes that requires exclusion of part of the statement, sometimes not. A reasonable man caught with a trunk full of cocaine, like the unavailable declarant in *Williamson,* might well imagine that he could advance his own penal interest by fingering someone else. But Paguio Sr.'s statement that "my son had nothing to do with it" was not an attempt to "shift blame or curry favor." *Williamson,* 512 U.S. at 603, 114 S.Ct. at 2436.
>
> Paguio Sr.'s statement is like Justice Kennedy's hypothetical in his *Williamson* concurrence, where the unavailable declarant said "I robbed the store alone," and a defendant charged with the robbery is only allowed to put in "I robbed the store," and not "alone." *Id.* at 617, 114 S.Ct. at 2443. Wigmore, citing Holmes, characterized as "barbarous" exclusion of an unavailable declarant's confession, because exclusion increases the risk of convicting the innocent. 5 Wigmore on Evidence § 1477 at 360 (Chadbourn rev.1974).

> When the prosecution attempts to take advantage of the rule, as in *Williamson,* the statement is typically in the form, "I did it, but X is guiltier than I am." As a matter of common sense, that is less likely to be true of X than "I did it alone, not with X." That is because the part of the statement touching on X's participation is an attempt to avoid responsibility or curry favor in the former, but to accept undiluted responsibility in the latter.

*Paguio,* 114 F.3d at 934. The Ninth Circuit Court of Appeals went on to address the difference between when a 804(b)(3) statement is used to inculpate a defendant who is not the declarant, as in *Williamson* and the Eighth Circuit Court of Appeals' decision in *Mendoza,* 85 F.3d at 1352, and the situation in this case where such a statement is to be used to exculpate a defendant who is not the declarant:

> Prosecution use of an unavailable declarant's accusation of the defendant, as in Williamson, raises different concerns from a defendant's use of an unavailable declarant's confession which exonerates him. Were it not for the fence around the Confrontation Clause provided by the hearsay rule, prosecution use would implicate the accused's right to be "confronted with the witnesses against him." U.S. Const. amend. VI. The Constitution gives the "accused," not the government, the right of confrontation. When the defendant seeks to introduce the evidence, but is unable to procure the attendance of the witness, the relevant Constitutional right is the accused's right "to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. The accused's right to present witnesses in his own defense may be implicated where an absent declarant's testimony is improperly excluded from evidence. *See United States v.*

*Slaughter,* 891 F.2d at 698. We do not intimate that the exclusion of part of the statement violated appellants' constitutional rights in this case, and we do not need to reach the question. We raise the constitutional asymmetry because it helps explain why application of the rule of evidence is to some extent asymmetrical between defense and prosecution.

*Paguio,* 114 F.3d at 934. The court finds the rationale of the Ninth Circuit Court of Appeals persuasive on this point and opts to follow it here. Therefore, the court finds that Stock's statement meets the second prong of the test for admissibility.

 The government further argues that the third element of the test, corroborating circumstances which clearly indicate the trustworthiness of the statement, has not been met here. "Trustworthiness is a crucial factor in determining the admissibility of hearsay statements under the exception articulated in Fed.R.Evid. 804(b)(3)." *Jones,* 124 F.3d at 786. In order to evaluate whether a statement is sufficiently trustworthy, a court must "look to evidence that corroborates both the declarant's trustworthiness and the truth of the statement." *United States v. Lumpkin,* 192 F.3d 280, 287 (2nd Cir.1999); *accord United States v. Doyle,* 130 F.3d 523, 544 (2d Cir.1997).

Courts have indicated that statements from a declarant attempting to exculpate a defendant with whom the declarant has a close relationship must be closely scrutinized. *Jones,* 124 F.3d at 786. Here, the court notes that in his statement Stock expresses considerable hostility toward Kessler. Thus, unlike the situation in *Paguio,* where the statement was from a father exonerating his son, Stock's relationship with Kessler, if corroborated, would not indicate a lack of trustworthiness.

The government argues that Stock's statement is untrustworthy because a subsequent note by Stock indicates that he lied in his statement about Kessler's involvement in order to protect his niece, Rachael Young, who was Kessler's girlfriend. Clearly, such a statement would provide Stock with a motive to falsify the level of Kessler's involvement. The problem the court has in accessing this assertion is that the note to which the government directs the courts attention, Gov't Ex. 1 at p. 13 attached to Government's Reply To Defendant's Resistance To The Government's Motion In Limine, is undated and unsigned. Moreover, the note is extremely esoteric, professing in pertinent part: "The reasons I didn't tell you about Carl was to protect my niece [sic]. It is not about lying. It was about protecting my family." Gov't Ex. 1 at p. 13, attachment to Government's Reply To Defendant's Resistance To The Government's Motion In Limine. In such a vacuum the court cannot conclude whether this note renders Stock's statement untrustworthy. Similarly, the government asserts that Stock made certain statements to his girlfriend, defendant Adele Hylback, which were recorded, while he was in jail, in which he indicated that he was not telling law enforcement officers about Kessler's involvement in order to protect his niece. Such evidence could cause Stock's statement to be deemed unreliable. *See Jones,* 124 F.3d at 786 (noting that defendant's son's exculpatory statements in letter contradicted by son's subsequent statement given under oath to law enforcement officers). However, because the court has not been provided with copies of these recordings, the court cannot conclude at this juncture whether these recorded conversations cause Stock's statement to be considered untrustworthy. Finally, the government asserts that Stock's statement is untrustworthy given the other evidence in

this case and the court should not decide this question in a vacuum. The court agrees with this assertion, particularly because defendant Kessler has not directed the court's attention to anything which would provide corroboration for Stock's statement.[3] Therefore, the court finds that a ruling on the admissibility of Stock's statement is premature at this juncture and must await trial. Moreover, the court concludes that until a determination is made with respect to the admissibility of Stock's statement under Rule 804(b)(3), a determination of the admissibility of Stock's statement under the residual hearsay rule is also premature.

IT IS SO ORDERED.

---

3. Defendant Kessler's failure to do so no doubt is due to the fact that his motion was premised on the admissibility of Stock's statement under Rule 807 which does not have a corroboration requirement like that found in Rule 804(b)(3).