[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15088
Non-Argument Calendar
_____

D.C. Docket No. 0:13-cr-60181-RNS-2


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                              versus

DEAN O. BARHAM,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 3, 2016)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

    Dean Barham appeals his convictions for nine counts of wire fraud, 18

U.S.C. § 1343, and one count of conspiring to commit wire fraud, *id.* § 1349, and

his sentence of 78 months of imprisonment. Barham argues, for the first time, that the district court erred by allowing two sign language interpreters to enter the juror room to assist a hearing-impaired juror during deliberations and by failing to ask Barham if he had reviewed the addendum to his presentence investigation report. Barham also challenges the assessment of criminal history points for two misdemeanor convictions for possessing marijuana. We affirm.

The district court did not plainly err by permitting interpreters to aid a hearing-impaired juror during deliberations. To obtain relief, Barham must prove that an error occurred that is plain and that affects his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). Barham fails to identify any evidence of "any invasion of the province of the jury . . . [or] any impropriety or suggestion [by the interpreters] as to how the jury should agree or disagree or come to a resolution on any of the matters presented to them for their consideration." *See United States v. Harrell*, 788 F.2d 1524, 1528 (11th Cir. 1986) (concluding that defendant was not prejudiced when an expert witness for the government, under instruction from the trial court, entered the jury room during deliberations and explained to jurors how to use audio equipment). Barham speculates that the interpreters tainted the jury's deliberations, but the interpreters took an oath to refrain from participating in the deliberations and, after returning the verdicts, each juror confirmed that the interpreters only translated for the juror.

2

"For a plain error to have occurred, the error must be one that is obvious and is clear under current law," *United States v. Carruth*, 528 F.3d 845, 846 n.1 (11th Cir. 2008), and Barham fails to identify any precedent that prohibits interpreters from translating for a hearing-impaired juror during deliberations.

The district court did not err, much less plainly err, in its duty to "verify that [Barham] and [his] attorney ha[d] read and discussed the presentence report and any addendum to the report," Fed. R. Crim. P. 32(i)(1)(A). *See United States v. Aleman*, 832 F.2d 142, 144 (11th Cir. 1987). The district court asked defense counsel if he had received and reviewed the presentence report and its addendum and counsel responded, "We have, Your Honor." The district court then asked Barham, "have [you] gone over the report with your attorney," and he responded, "I have, Your Honor."

The district court did not err by adding two points to Barham's criminal history score for his prior convictions for possessing marijuana. The Sentencing Guidelines state that a defendant receives one point for each prior sentence, United States Sentencing Guidelines Manual § 4A1.1(c) (Nov. 2013), that was "previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of *nolo contendere*, for conduct not part of the instant offense," *id.* § 4A1.2(a)(1). Barham challenges the assessment of one point for a misdemeanor marijuana offense to which he pleaded guilty without the assistance of counsel, but the commentary to

3

section 4A1.2 states that one point should be assessed for "uncounseled misdemeanor sentences where imprisonment was not imposed," *id*. § 4A1.2, cmt. background. *See Nichols v. United States*, 511 U.S. 738, 748–49, 114 S. Ct. 1921, 1928 (1994); *United States v. Baker*, 116 F.3d 870, 872 (11th Cir. 1997). Barham also contests the finding that he was convicted of a second misdemeanor offense of possessing marijuana, but the district court did not clearly err in finding that the government proved the prior conviction by a preponderance of the evidence. *See United States v. Ndiaye*, 434 F.3d 1270, 1300 (11th Cir. 2006). Under Florida law, adjudication may be withheld only when there has been a finding of guilty or a plea of guilty or *nolo contendere*, Fla. Stat. 948.01(1), and the government introduced a certified copy of the docket sheet from a Florida court establishing that it withheld adjudication on Barham's marijuana charge and ordered him to pay a fine and court costs instead of placing him on probation, *see* Fla. Stat. 948.01(2).

We **AFFIRM** Barham's convictions and sentence.