UNITED STATES, Appellee

v.

FOREST L. EVANS, Corporal, U. S. Army, Appellant

1 USCMA 207, 2 CMR 113

1ST LT. Michael E. McGarvey, USA, for Appellant.
LT. COL. Paul J. Leahy, USA, for Appellee.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This case is here on petition for review, limited to the issue of whether there is sufficient evidence, outside the confession, to establish the corpus delicti of the offense charged. Petitioner Evans, together with a Private Roberson, was tried and convicted by general court-martial on May 29, 1951, for the offense of larceny in violation of Article of War 93, 10 U.S.C. § 1565. The soldiers were charged with jointly stealing twenty-four cases of cigarettes from an Army warehouse in Japan.

Evans and Roberson, at the time of this alleged crime, were attached to an Army Quartermaster Unit in Kobe, Japan. On April 29, 1951, they were on duty at "Q" warehouse located at Pier Four in Kobe. Stored in the warehouse were, along with other army supply items, wirebound cardboard cases containing cartons of American cigarettes. During the day, Evans and Roberson had a conversation with the warehouse officer, characterized by that officer as joking, in which they stated an intent to take a "load to black market" that night. About 11 o'clock that evening, a Japanese truck driver, employed by the Army, was approached by the soldiers and directed to drive his truck to "Q" warehouse. Upon arrival, he stood by while Roberson and three Japanese laborers loaded about thirty wirebound cardboard cases on the truck. The truck driver testified that these cases were "very similar" to one in evidence at the trial, identified as a case containing cartons of cigarettes. At the direction of Roberson, the truck driver drove to a Japanese house outside the base where the cases were unloaded. A Japanese policeman observed the unloading, and testified that the boxes were "exactly like" the one in evidence,

previously mentioned. Both Evans and Roberson confessed fully to the crime charged.

We have, in previous opinions, discussed at some length the legal requirement that a pre-trial confession must be corroborated by independent proof of the corpus delicti of the crime charged. See United States v. Brooks, (No. 18), 1 USCMA 88, 1 CMR 88, decided December 28, 1951; United States v. Goodman, (No. 16), 1 USCMA 170, 2 CMR 76, decided February 11, 1952; United States v. Uchihara, (No. 60), 1 USCMA 123, 2 CMR 29, decided February 4, 1952. Express adoption of this rule by the Manual, as well as its well-founded policy basis, requires that we adhere strictly to its provisions. However, it need not be given an unjustifiably broad application which would lead to obstruction or defeat of the course of justice. There are other rules which militate against conviction of the innocent on the basis of false confessions.

The 1949 Manual, under which this case was tried, provides in Paragraph 127a:

"An accused cannot be legally convicted upon his uncorroborated confession. A court may not consider the confession of an accused as evidence against him unless there is in the record other evidence, either direct or circumstantial, that the offense charged has probably been committed; in other words, there must be substantial evidence of the corpus delicti other than the confession."

This is interpreted by the Manual to require, for larceny, evidence that the property in question was missing under circumstances indicating that it was

probably stolen. This standard of corroboration for larceny can only have been intended as an example. While it is ordinarily desirable to establish that the articles involved are missing from the rightful owner, this may often be difficult, if not impossible, to prove. A general statement of the standard to be applied to a given crime is difficult to formulate and legally unnecessary. We shall be satisfied if, for any crime, there is substantial evidence which makes it probable that the accused did not confess to an offense which never occurred.

Here there is no specific proof that cigarettes of the quantity alleged to be stolen were missing from the Army warehouse. There is, however, other evidence from which the necessary inferences may be drawn. The circumstances of the employment of these soldiers in a position where they had access to great quantities of cigarettes thus furnishing opportunity to perpetrate the offense charged; their furtive removal of the boxes from the warehouse; their concealment of the boxes in a Japanese house; and their conversation concerning a black market operation prior to the offense, provide a chain of evidence that leaves little doubt as to the criminal scheme in which petitioner was engaged. That this evidence is mostly circumstantial is not material. The corpus deliciti may, and often must be proven by circumstantial evidence and the logical and reasonable inferences which may be drawn therefrom. Dimmick v. United States, 135 Fed 257, 263. It would require strained speculation to conclude from the evidence that petitioner was involved in anything other than a theft of government property.

We conclude that, following the rule as to corroboration established in the Manual, and amplified in our previous opinions, there is here substantial evidence tending to show that the crime of larceny was committed. Adding the confessions, guilt was proved beyond a reasonable doubt. Accordingly, the decision of the board of review is affirmed.

Judges LATIMER and BROSMAN concur.