UNITED STATES, Appellant

v

DAVID J. SCHAFFRATH, Boatswain's Mate Third Class, U. S. Navy, Appellee

14 USCMA 114, 33 CMR 326

*Major Elvin R. Coon, Jr.,* USMC, argued the cause for Appellant, United States. With him on the brief was *Commander Benjamin H. Berry,* USN.

*Fred W. Shields, Esquire,* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel M. G. Truesdale,* USMC.

## Opinion of the Court

KILDAY, Judge:

Accused's alleged involvement in thefts from a Navy supply vessel, and sale of the stolen and untaxed items to Spaniards contrary to a "black-marketing" regulation, led to his trial by general court-martial on charges setting forth violations of Articles 81, 92, and 121, Uniform Code of Military Justice, 10 USC §§ 881, 892, and 921, respectively. A motion for a finding of not guilty was granted as to one specification of larceny, and the court-martial acquitted accused of another. Despite his pleas of not guilty he was, however, convicted for conspiracy, violating a lawful general regulation, and two counts of larceny. The court-martial imposed a sentence of bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for one year, and reduction to the grade of seaman recruit.

The convening authority set aside the findings of guilty under Article 92 and one of the larcenies, and reduced the adjudged punishment. Thus, as accused's case came on for hearing by a board of review, accused stood convicted of stealing two hundred cartons of cigarettes, and of conspiring with one Cannon to commit larceny of the cigarettes; his approved sentence was bad-conduct discharge, total forfeitures and confinement at hard labor for six months, and reduction.

The board of review affirmed the conspiracy conviction, but held there was a failure of proof to corroborate accused's pretrial confession as to the theft. Accordingly, the board set aside the findings of larceny, dismissed that specification, and eliminated the punitive discharge from accused's sentence.

Thereafter, pursuant to Article 67 (b) (2) of the Uniform Code, 10 USC § 867, The Judge Advocate General of the Navy forwarded the case to this Court, requesting that we resolve the following certified issue:

"Did the Board of Review err as a matter of law in holding there was no evidence to corroborate the accused's confession?"

The pertinent facts are not complicated, and may be briefly stated. The vessel on which these offenses occurred provided logistic support to other ships in the Sixth Fleet. Through the testimony of the responsible supply officer and his inventory records for the period in question, the prosecution established a large shortage of cigarettes from the supply ship's stocks, and the value of such Government property. It was also brought out, however, that once such cigarettes were removed from the hold and brought on deck to await transfer to the receiving ship, they were charged against the inventory, which covered stores in the hold only. No shortage would be reflected in that inventory as a result of pilfering cigarettes from the deck before the same were transferred.

Also introduced by the Government was the testimony of Cannon. He related, *inter alia,* that one night accused assisted him in cutting a net securing supplies spotted on deck awaiting transfer. The two removed cigarettes and secreted them in another area of the ship over which accused was in charge,

pending disposition to a Spanish contact.

With that evidence as a predicate, the prosecution offered accused's voluntary pretrial statement, in which he admitted his participation in the larceny to which Cannon testified and with which we are concerned. Individual civilian defense counsel argued that the only evidence of any shortages of Government property were the hold inventories, and thus objected that "there has been no adequate proof of a corpus delicti." The law officer overruled the objection and allowed accused's extra-judicial statement in evidence.

The board of review agreed with the argument made by the defense at trial and again urged before the board. Noting that the supply officer's inventory showed only a loss from the hold, whereas Cannon's testimony indicated cigarettes were taken from the deck, the board concluded the record contained no proof of loss from the deck, for the reason that the inventory would not reflect such a shortage. Thus it held the evidence insufficient to corroborate accused's confession to larceny of the cigarettes and, therefore, that the same was inadmissible to prove that offense. See United States v Smith, 13 USCMA 105, 32 CMR 105; Manual for Courts-Martial, United States, 1951, paragraph 140a, page 251.

It is quite true that the hold inventory does not establish any shortage of cigarettes other than from ■■■■■ ■ the ship's hold. Nevertheless, and quite apart from any inventories,[1] Cannon's testimony does reflect that cigarettes were stolen after they were spotted on the deck awaiting removal to another vessel. And the record shows the same were United States property and the value thereof. It is apparent, therefore, that the evidence of record, *aliunde* accused's confession, is sufficient to corroborate his admission of participating with Cannon in the theft of the cigarettes. United States v Smith, supra.

Admittedly, Cannon was, as the defense points out, an accomplice in the theft. Indeed, he was apparently the ringleader in a series of similar criminal transactions involving several other sailors, and in exchange for his testimony as a Government witness had negotiated an agreement to lighten his own punishment. Those matters may properly be taken into consideration in assessing the weight of his testimony, and in determining accused's sentence. They do not, however, render Cannon's testimony unworthy of consideration as a matter of law. While his testimony is to be considered with caution,[2] it provides, together with the other evidence of record, a legally adequate predicate for admitting accused's pretrial statement, and is sufficient to corroborate the same.

Accordingly, the certified question must be answered in the affirmative. The decision of the board of review is reversed, and the record is remanded to The Judge Advocate General for reference to the board for further action not inconsistent with this opinion.

Chief Judge QUINN and Judge FERGUSON concur.

---

[1] See United States v Evans, 1 USCMA 207, 2 CMR 113.

[2] It is noted that the law officer instructed on accomplice testimony.