**UNITED STATES**

v.

**Airman Jerry W. KOISTINEN, FR 503–78–1370, United States Air Force.**

**ACM S27351.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 3 Nov. 1986.

Decided 26 May 1987.

Appellate Counsel for the appellant: Colonel Leo L. Sergi and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Lieutenant Colonel Morris A. Tanner, Jr. and Lieutenant Colonel William K. Seckinger, USAFR.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

### HODGSON, Chief Judge:

The appellant was convicted of using lysergic acid diethylamide (LSD). On appeal he argues that the trial judge erred in admitting, pursuant to the hearsay exception of Mil.R.Evid. 804(b)(3), out-of-court statements of one Frank Amaro made to agents of the Office of Special Investigations (OSI). Finding no error, we affirm.

Mil.R.Evid. 804(b)(3), which was taken without substantial change from the corresponding federal rule, authorizes a trial judge to admit, as an exception to the hearsay rule, "[a] statement which ... at the time of its making ... so far tended to subject the declarant to ... criminal liability ... that a reasonable person in the position of the declarant would not have made the statement unless [it was] believed to be true," provided that the declarant is "unavailable as a witness."

■ Before a statement is admitted under the rule just discussed three requisites must be met. First, the declarant must be unavailable. Second, in the view of a reasonable person, the statement must be adverse to the declarant's penal interest. And lastly, the statement must be accompanied by indicia of reliability. *United States v. MacDonald*, 688 F.2d 224 (4th Cir.1982).

■ The first two prongs of the test need little discussion. When Amaro was called as a prosecution witness he invoked the Fifth Amendment. Accordingly, he was clearly unavailable as a witness. Mil. R.Evid. 804(a)(1); *United States v. Robinson*, 635 F.2d 363 (5th Cir.1981). In his written statement, Amaro admitted "giving" LSD to the appellant as well as other individuals. He also admitted taking the appellant to places where drugs could be purchased. Additionally, he orally admitted using LSD with the appellant. These statements are plainly against the declarant's penal interest as he implicated himself, the appellant, and others in drug trafficking. *United States v. Dillon*, 18 M.J. 340 (C.M.A.1984).

However, the requirement that the statement also be accompanied by indicia of reliability warrants further analysis. The rule itself does not require any indicators of reliability. The drafters apparently accepted the premise that any declaration against interest is reliable. This is not an illogical assumption since reasonable people do not usually make statements against their *own* interests. The Court of Military Appeals, however, has rejected this theory, and requires the prosecution to establish why the statement is reliable. *United States v. Perner*, 14 M.J. 181 (C.M.A.1982). In *United States v. Hines*, 23 M.J. 125 (C.M.A.1986) and *United States v. Barror*, 23 M.J. 370 (C.M.A.1987), the court discussed the factors that are "indicative of

reliability and trustworthiness with respect to out-of-court statements." Both *Hines* and *Barror* concerned statements offered under the residual hearsay exception of Mil.R.Evid. 804(b)(5) and not a statement against penal interest admitted to corroborate a confession. The penultimate paragraph of Judge Cox's opinion in *Hines* suggests that a less strict standard of reliability might apply where there is a confession that confirms the reliability of the declarant's statement.

■ Since Mil.R.Evid. 804(b)(3) is virtually identical to the federal rule, we may look to the federal courts for guidance. The Fifth Circuit Court of Appeals in *United States v. Alvarez*, 584 F.2d 694, 701 (5th Cir.1978), held that "hearsay testimony is admissible under Rule 804(b)(3) only if 'corroborating circumstances clearly indicate the trustworthiness of the statement.'"

Here the record established that Amaro was not "in custody" when he made the statement. He was told he was suspected of illegally using and possessing a controlled substance and given the *Miranda* caution which included the right to counsel. The transcript gives no indication that Amaro was promised anything in return for the statement. One of the Amaro statements was personally written by him. This tends to negate the inference that he merely signed what was put before him. Finally, the statement is under oath and unambiguous. *See United States v. Perner, supra* at page 184 and *United States v. Ruffin*, 12 M.J. 952 (A.F.C.M.R.1982).

■ In summary, Amaro made a knowing and voluntary statement which the trial judge concluded met the requirements of the rule and the case law just discussed. The consideration of the statement's trustworthiness is a question of fact to be reviewed according to a "clearly erroneous" standard. *United States v. Alvarez, supra; see also United States v. Poland*, 659 F.2d 884 (9th Cir.1981) and *United States v. Hoyos*, 573 F.2d 1111 (9th Cir.1978). Under the standard just discussed, we find no basis to overturn the trial judge's finding that the statement was trustworthy.

■ We also conclude that Amaro's statement as an accomplice sufficiently corroborated the appellant's confession so as to make it admissible. Mil.R.Evid. 304(g); *United States v. Schaffrath*, 14 U.S.C.M.A. 114, 33 C.M.R. 326 (1963); *United States v. Long*, 24 C.M.R. 847 (A.F.B.R.1957).

■ Finally, the appellant contends that the admission of out-of-court statements pursuant to the hearsay exception of Mil.R. Evid. 804(b)(3) violates his Sixth Amendment right of confrontation. The Ninth Circuit Court of Appeals addressed this assertion in *United States v. Winn*, 767 F.2d 527 (9th Cir.1985), by holding that hearsay statements admitted under the rule do not violate the confrontation clause if the government shows 1) that the witness is unavailable, and 2) that the statement is reliable. We hold that the challenged statements meet both tests. *See United States v. Robinson, supra.* The findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.