UNITED STATES, Appellee,

v.

Robert C. DILL, Specialist Four U.S. Army, Appellant.

No. 53,015.
CM 445292.

U.S. Court of Military Appeals.

Aug. 31, 1987.

For Appellant: *Major Marion E. Winter* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Arthur L. Hunt, Captain Peter D.P. Vint* (on brief); *Major Joel D. Miller* and *Captain Carolyn F. Washington.*

For Appellee: *Captain Susan E. Fine* (argued); *Colonel James Kucera, Major Byron J. Braun, Captain John F. Burnette* (on brief); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Lieutenant Colonel Adrian J. Gravelle.*

*Opinion of the Court*

COX, Judge:

This is another case in which the prosecution proved essential elements of its case [1] through use of an out-of-court statement; and, thereby, appellant had no opportunity to confront the witness face-to-face.[2] *E.g., United States v. Groves,* 23 M.J. 374 (C.M.A.1987); *United States v. Cokeley,* 22 M.J. 225 (C.M.A.1986); *United States v. Cordero,* 22 M.J. 216 (C.M.A. 1986). The statement in this case was a confession given to authorities by appellant's alleged coactor-in-crime. It was ad-

---

1. In accordance with his pleas, appellant was convicted by a general court-martial military judge sitting alone of separate specifications of receiving stolen 5.56mm rifle ammunition and receiving stolen fragmentation grenades. Contrary to his pleas, he was convicted of two additional specifications of receiving stolen grenades and one specification of selling two of them. All these offenses were alleged as violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His approved sentence

is a bad-conduct discharge, confinement for 18 months, total forfeitures, and reduction to E-1.

2. The precise formulation of the issue is:

WHETHER THE MILITARY JUDGE ERRED TO THE PREJUDICE OF APPELLANT BY ADMITTING PROSECUTION EXHIBITS 10 AND 12 (SWORN STATEMENTS OF PFC ANTHONY R. STONE), WHICH CONTAINED INADMISSIBLE HEARSAY.

mitted into evidence by the military judge as a *"Statement against interest,"* Mil.R. Evid. 804(b)(3), Manual for Courts-Martial, United States, 1969 (Revised edition), for the purpose of corroborating appellant's own confession.[3] *See United States v. Yates,* 24 M.J. 114 (C.M.A.1987); Mil.R. Evid. 304(g). No reliability analysis was undertaken concerning the coactor's statement. *See United States v. Hines,* 23 M.J. 125 (C.M.A.1986).

■ We have emphasized that an accused ordinarily has a right under the Sixth Amendment to the Constitution "to be confronted with the witnesses against him." *United States v. Hines, supra* at 127. The prerequisites for admissibility without such confrontation are (1) unavailability and (2) reliability. *Ohio v. Roberts,* 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980).

■ The effort by the prosecution to introduce the confession of a coaccused as substantive evidence against a joint defendant is a rather new phenomenon as such have traditionally been held to be inadmissible. Indeed, the confession of a coaccused is not generally admissible *against the coaccused* in a joint trial with the accused unless stringent rules regarding references to the accused have been met. *Lee v. Illinois,* 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986); *Parker v. Randolph,* 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979); *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The reason for these precautions is that "the post-arrest statements of a codefendant have traditionally been *viewed*

*with special suspicion.* Due to his strong motivation to implicate the defendant and to exonerate himself, a codefendant's statements about what the defendant said or did are *less credible than ordinary hearsay evidence."*

*Lee v. Illinois, supra* 106 S.Ct. at 2062 (emphasis added), *quoting Bruton v. United States, supra* 391 U.S. at 141, 88 S.Ct. at 1630 (White, J., dissenting). Notwithstanding these restrictions, we are now asked whether such confessions can be introduced *directly against an accused* at his separate trial.

Statements against interest arose as exceptions from the rule against hearsay because of their presumed reliability. *McCormick on Evidence* § 276 (E. Cleary 3d ed. 1984). With respect to satisfying the Confrontation Clause, the Supreme Court has gone so far as to state:

> [C]ertain hearsay exceptions rest upon such solid foundations that admission of virtually any evidence within them comports with the "substance of the constitutional protection." *Mattox v. United States,* 156 U.S. [237] at 244 [15 S.Ct. 337 at 340, 39 L.Ed. 409] [ (1895) ]. ...
>
> Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception.

*Ohio v. Roberts, supra* 448 U.S. at 66, 100 S.Ct. at 2539 (footnote omitted).

Obviously, a coaccused's statements implicating an accused do not "rest upon such solid foundations," *id.,* because they are "presumptively suspect." *Lee v. Illinois, supra.*[4] Furthermore, statements against

---

3. Only one part of one of the coactor's statements related to conduct involving appellant; that part described one of the contested receiving-stolen-grenades incidents. Apparently, the military judge viewed the coactor's statements as the only evidence corroborating this particular incident. According to the statement, the coactor was the seller, and the accused was the buyer. The coactor was called as a prosecution witness. He identified his pretrial statements. On advice of counsel, however, he declined to answer questions about the events. Over defense objection, the military judge ruled that the coactor was "unavailable" and that the state-

ments were admissible as *"Statement[s] against interest."* Mil.R.Evid. 804(b)(3).

4. It is arguable whether the part of the coactor's statement implicating the accused even qualifies as a statement against the interest of the coaccused. When a hearsay "declarant is unavailable as a witness," Mil.R.Evid. 804(b)(3) permits admission of

> [a] statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable

penal interest are of recent derivation and are not "firmly rooted" exceptions to the hearsay rule. McCormick, *supra* at § 278; *cf. United States v. Groves,* 23 M.J. 374 at 377 (C.M.A.1987). Without more,[5] statements such as that used against this appellant plainly do not meet the reliability requirement.

Regarding the coactor's availability at trial, it was the prosecution's "obligation

> person in the position of the declarant *would not have made the statement unless the person believed it to be true.*
>
> (Emphasis added.) There is no question that the coactor's admission to *selling* grenades was against his interest. The contention is that the identification of appellant as the transferee was not, strictly speaking, *against* the coactor's interest and may actually have been in his interest (*i.e.,* by currying favor with the authorities). Further, the argument would go that, even if the identification were literally adverse to the coactor's interest, *cf. United States v. Ceccolini,* 435 U.S. 268, 98 S.Ct. 1054, 55 L.Ed.2d 268 (1978); *Kastigar v. United States,* 406 U.S. 441, 444–45, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212 (1972); *Malloy v. Hogan,* 378 U.S. 1, 13–14, 84 S.Ct. 1489, 1496–97, 12 L.Ed.2d 653 (1964), it was not the type of assertion that would not have been made unless believed to be true (in view of the possible ulterior motives). Due to our resolution of this case, however, we do not need to construe this provision.

**5.** Recently, in *Cruz v. New York,* —— U.S. ——, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987), both the majority and minority opinions hinted that, where a coaccused's statement "interlocks" with an accused's own confession, such an inference of reliability might be drawn from the coincidence that the coaccused's statement could be admissible *directly against the accused* notwithstanding a lack of face-to-face confrontation. Specifically, the majority observed:

> Quite obviously, what the "interlocking" nature of the codefendant's confession pertains to is not its *harmfulness* but rather its *reliability:* If it confirms essentially the same facts as the defendant's own confession it is more likely to be true. Its reliability, however, may be relevant to whether the confession should (despite the lack of opportunity for cross-examination) be *admitted as evidence* against the defendant, see *Lee v. Illinois,* 476 U.S. 530 [*106 S.Ct. 2056, 90 L.Ed.2d 514*] (1986).
>
> &ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;&ast;
>
> Of course, the defendant's confession may be considered at trial in assessing whether his codefendant's statements are supported by sufficient "indicia of reliability" to be directly admissible against him (assuming the "unavailability" of the codefendant) despite the

... to exert all reasonable measures to acquire the presence of ... [its] witnesses and tender them for cross-examination." *United States v. Hines, supra* at 133. *See also Mancusi v. Stubbs,* 408 U.S. 204, 212, 92 S.Ct. 2308, 2312, 33 L.Ed.2d 293 (1972); *Barber v. Page,* 390 U.S. 719, 724–25, 88 S.Ct. 1318, 1321–22, 20 L.Ed.2d 255 (1968); *Motes v. United States,* 178 U.S. 458, 474, 20 S.Ct. 993, 999, 44 L.Ed. 1150 (1900). To

> lack of opportunity for cross-examination, see *Lee, supra,* at —— [106 S.Ct. at 2061]; *Bruton,* 391 U.S., at 128, n.3, [ 88 S.Ct., at 1623, n. 3], and may be considered on appeal in assessing whether any Confrontation Clause violation was harmless, see *Harrington v. California,* 395 U.S. 250 [89 S.Ct. 1726, 23 L.Ed.2d 284] (1969).
>
> —— U.S. at ——, 107 S.Ct. at 1719.
>
> The minority's (four Justices) view was similar:
>
> *Lee v. Illinois,* 476 U.S. —— [106 S.Ct. 2056, 90 L.Ed.2d 514] (1986), and *Ohio v. Roberts,* 448 U.S. 56 [100 S.Ct. 2531, 65 L.Ed.2d 597] (1980), suggest that a codefendant's interlocking confession *will often be admissible against the defendant,* in which event there would not be the Confrontation Clause issue *Bruton* identified. Here, the codefendant's confession carries numerous indicia of reliability; and I gather that the Court's disposition does not deny the state courts, on remand, the opportunity to deal with the admissibility of that confession against Cruz.
>
> —— U.S. at —— – ——, 107 S.Ct. at 1722 (footnote omitted; emphasis added).
>
> Previously, in *Lee v. Illinois,* 476 U.S. 530, 106 S.Ct. 2056, 2064, 90 L.Ed.2d 514 (1986), the Court had noted: Obviously, when codefendants' confessions are identical in all material respects, the likelihood that they are accurate is significantly increased.
>
> Though unstated by the Court, it may be that such statements could fall, for evidentiary purposes, under one of the "residual hearsay" exceptions. Fed.R.Evid./Mil.R.Evid. 803(24) and 804(b)(5).
>
> None of these statements, however, constituted the *ratio decidendi* of the decisions, so it is as yet unclear whether such rationale will emerge as an exception to the *Bruton/Randolph/Lee* decisions cited in the text. Furthermore, the two pretrial statements here were not compared at trial, and it is readily apparent that there are several discrepancies between them with respect to the dates of the alleged events. Thus, it is not clear that these statements were "identical in all material respects." *Lee v. Illinois, supra.* Without clarification which could only be provided by an evidentiary hearing, we cannot assume that the statements interlocked.

be sure, a proper exercise of a privilege against self-incrimination generally renders a witness unavailable. *United States v. Gibbs*, 739 F.2d 838, 848 (3d Cir.1984) (en banc), *cert. denied*, 469 U.S. 1106, 105 S.Ct. 779, 83 L.Ed.2d 774 (1985); *see California v. Green*, 399 U.S. 149, 167, 90 S.Ct. 1930, 1939, 26 L.Ed.2d 489 (1970). There is no doubt that the line of questions put to the coactor was intended to evoke incriminating responses. *See n. 3, supra.*

The Government, however, had it within its power to produce the witness by granting him testimonial immunity,[6] but it chose not to do so. This left the Government in the enviable position of reaping the benefits of the coactor's statement without suffering his exposure to cross-examination. We are cognizant of the practical difficulties brought upon prosecutorial authorities by granting criminals limited immunity. *See United States v. Zayas*, 24 M.J. 132 (C.M.A.1987). However, it cannot be that an accused should be forced to surrender his constitutional rights in his own trial just so the Government will be in a better position, in a later trial, against some other person. As Weinstein and Berger argue, in this circumstance, "fairness in most instances should preclude use of such hearsay *unless the government can show a strong reason for refusing the grant."* J.Weinstein and M.Berger, *Weinstein's Evidence*, ¶ 804(a)[01], pp. 804–37 to 804–38 (1985) (footnote omitted; emphasis added).

The United States Air Force Court of Military Review has also resolved this issue against the Government:

[F]airness dictates that where the prosecution seeks to introduce the hearsay statement of an absent witness, claiming him to be unavailable, the witness should be made available if it is within the power of the prosecutorial authority. Put another way, a prosecution witness is not "unavailable" under Mil.R.Evid. 804(a)(1)

even though he asserts his privilege against self-incrimination if he can be made available through the granting of testimonial immunity. Fairness allows no other result, and reference to the old adage, "you can't have your cake and eat it at the same time" is most appropriate. The prosecution has an option; it can either do without the evidence or it can introduce appropriate hearsay statements of an absent witness; however, if the absence can be cured by testimonial immunity, such immunity must be granted. The confrontation clause of the U.S. Constitution requires nothing less.

*United States v. Valente*, 17 M.J 1087, 1088–89 (1984) (footnotes omitted).

 We agree. Absent an extraordinary showing by the Government why the coactor could not be immunized, his statement should not have ever been *considered* for receipt in evidence against appellant. The prejudice to appellant is apparent.

The decision of the United States Army Court of Military Review as to specification 2 of the Charge and the sentence is reversed. The finding of guilty thereon is set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on specification 2 and the sentence may be ordered. If that is deemed impracticable, specification 2 may be dismissed and the record returned to the Court of Military Review for reassessment of the sentence based on the remaining findings of guilty.

Chief Judge EVERETT concurs.

SULLIVAN, Judge (dissenting):

In light of appellant's confession, which was also admitted against him at this court-martial, I would affirm this case on the basis of *Cruz v. New York*, —— U.S. ——, ——, 107 S.Ct. 1714, 1719–22, 95 L.Ed.2d 162 (1987).

---

**6.** Obviously, the Government was not in a position to guarantee that the coactor would actually testify on the witness stand. The most the Government could be expected to do was to get

him there by granting him testimonial immunity and by instituting such punitive actions as were available in the event he, nevertheless, refused to testify.