**UNITED STATES, Appellee,**

v.

**Jerry W. KOISTINEN, Airman, U.S. Air Force, Appellant.**

No. 58,463.
ACM S27351.

U.S. Court of Military Appeals.

Nov. 16, 1988.

For Appellant: *Captain Laurence M. Soybel* (argued); *Colonel Leo L. Sergi* (on brief).

For Appellee: *Lieutenant Colonel Morris A. Tanner, Jr.* (argued); *Colonel Joe R. Lamport* and *Lieutenant Colonel Robert E. Giovagnoni* (on brief).

*Opinion of the Court*

COX, Judge:

A military judge sitting alone as a special court-martial convicted appellant, contrary to his pleas, of a single specification of wrongfully using lysergic acid diethyla-

mide (LSD), in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a.[1] We granted review of the following issues:

## I

WHETHER THE ACCUSED'S 6TH AMENDMENT RIGHT TO BE CONFRONTED BY THE WITNESSES AGAINST HIM WAS VIOLATED WHEN THE MILITARY JUDGE ADMITTED UNDER MIL.R.EVID. 804(b)(3) MR. AMARO'S OUT–OF–COURT STATEMENT WHEN HE KNEW THAT SOME UNKNOWN PORTION OF IT WAS FALSE.

## II

WHETHER IT WAS ERROR TO ADMIT INTO EVIDENCE MR. AMARO'S UNCORROBORATED STATEMENT AGAINST PENAL INTEREST IN ORDER TO CORROBORATE [2] APPELLANT'S CONFESSION.

On October 10, 1986, appellant was interrogated by an investigator from the Air Force Office of Special Investigations (OSI).[3] He was informed that he was under investigation for use and possession of a controlled substance, and advised of his rights to remain silent and to counsel, which he waived. Appellant confessed, orally and in writing, to purchasing drugs ("acid") from and to using drugs with Frank Amaro, one of his civilian co-workers.

The same investigator interviewed Frank Amaro 4 days later. After being advised of and waiving his rights, Amaro confessed, orally and in writing, to, *inter alia,* providing drugs ("LSD") to appellant.

At trial, the prosecution's case consisted essentially of the two sets of confessions.[4]

Amaro was called as a prosecution witness, but he asserted his rights under the Fifth Amendment and refused to testify. As the military had no criminal jurisdiction over Amaro, it could not grant him immunity to secure his testimony. The United States Attorney's office was contacted, and it was determined that that agency had a policy against granting immunity to drug dealers. In addition, much of Amaro's admitted criminal activity was unrelated to the charges at bar and occurred within the jurisdiction of the State of Texas.

After Amaro refused to testify, the military judge declared him unavailable as a witness and received in evidence his pretrial statements as declarations against interest. Mil.R.Evid. 804(b)(3), Manual for Courts-Martial, United States, 1984. That rule provides:

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness.

\* \* \* \* \* \*

(3) *Statement against interest.* A statement which was at the time of its making so far contrary to the declarant's

1. Appellant was sentenced to a bad-conduct discharge, confinement and forfeiture of $426 pay per month for 3 months, and reduction to E-1. The convening authority approved the sentence, and the Court of Military Review affirmed. 24 M.J. 676 (1987).

2. Mil.R.Evid. 304(g), Manual for Courts-Martial, United States, 1984, provides in part:
An admission or a confession of the accused may be considered as evidence against the accused on the question of guilt or innocence only if independent evidence, either direct or circumstantial, has been introduced that corroborates the essential facts admitted to justify sufficiently an inference of their truth. *See also United States v. Melvin,* 26 M.J. 145 (CMA 1988).

3. The reasons for questioning appellant and the circumstances leading up to it are not of record.

4. An OSI agent, knowledgeable in the ways of the drug culture, testified that "acid" was the common short-hand for "LSD." *See also United States v. LaFontant,* 16 M.J. 236, 237 (CMA 1983). In a number of cases, we have held that lay-witness identification of drugs, if believed, may be sufficient to establish the identity of drugs. *E.g., United States v. Day,* 20 M.J. 213, 215 (CMA 1985); *United States v. Tyler,* 17 M.J. 381, 387 (CMA 1984). Even if such evidence is deemed less than compelling as to the nature of the compound in a given case, an accused may still be liable for attempted involvement in the same drug. *United States v. LaFontant, supra.*

pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the position of the declarant would not have made the statement unless the person believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

We agree with the military judge that Amaro's statement qualified as a statement against interest.

■ First, Amaro's legitimate assertion of his right against self-incrimination rendered him unavailable as a witness. *California v. Green*, 399 U.S. 149, 167, 90 S.Ct. 1930, 1939, 26 L.Ed.2d 489 (1970). Since military authorities were not in a position to grant Amaro immunity, this case is distinguishable from *United States v. Dill*, 24 M.J. 386, 389 (CMA 1987). *See United States v. Cordero*, 22 M.J. 216, 221 (CMA 1986).

Second, there is no doubt that the statement as a whole was against Amaro's interest. Even that portion specifically indicating the identity of the transferee may, depending on the circumstances, be against the interest of the transferor. *See Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); *Hoffman v. United States*, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed.2d 1118 (1951). *But cf. United States v. Dill, supra* at 387–88 n. 4.

■ The final sentence of the rule pertains to a different situation from the one at bar, *i.e.*, the accused seeks to introduce the statement of another to show the accused's innocence. The drafters of the rule recognized the great potential for fraud in this type of evidence. Therefore, they added the requirement that such a declaration be corroborated by other evidence. S. Saltzburg, L. Schinasi, D. Schlueter, *Mili-*

*tary Rules of Evidence Manual* (hereafter *Evidence Manual*) 681 (2d ed. 1986). Some courts have also engrafted a corroboration requirement onto the first sentence of the rule. *E.g., United States v. Riley*, 657 F.2d 1377, 1385 n. 12 (8th Cir.1981). Even if that be the law, appellant's confession here abundantly satisfied such requirement.

According to *United States v. Hines*, 23 M.J. 125, 128 (CMA 1986), out-of-court statements of unavailable declarants must satisfy both the hearsay rules and the Confrontation Clause.[5] For confrontation purposes, the statement must be "marked with such trustworthiness that 'there is no material departure from the reason of the general rule.'" *Ohio v. Roberts*, 448 U.S. 56, 65, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980), *quoting Snyder v. Massachusetts*, 291 U.S. 97, 107, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934). Similarly, "[t]he rationale of the [statement against interest] rule is that people are reluctant to say things against their self-interest unless those things happen to be the truth." Hence such statements provide a "guarantee of trustworthiness." *Evidence Manual, supra*.

In the instant case, tried over a month before our opinion in *Hines* was released, the military judge conducted an evidentiary hearing into the circumstances surrounding the taking of both appellant's and Amaro's confessions. The judge's ruling denying appellant's motion to suppress both statements outlined the judge's bases for regarding Amaro's statement as reliable and admissible under Mil.R.Evid. 804(b)(3).

Upon defense counsel's timely suggestion that the judge had not expressly ruled on appellant's "right to confrontation of the witness," the judge responded:

It is the Court's finding that *the essential findings as I have stated them addresses that issue,* and that I find that the statement by Mr. Amaro does have a basis for trustworthiness under 804(b)(3) and that it was a statement made against

5. The Sixth Amendment to the Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...."

his interest and that the statement is admissible.

(Emphasis added.)

As we read the judge's ruling, he found "trustworthiness" in the circumstances of Amaro's statement such as to satisfy the requirements of the Confrontation Clause. In *Hines*, we adverted to this similarity of purpose and standards in the hearsay exceptions and the Confrontation Clause. 23 M.J. at 127–30, 134.

To be sure, accusatory statements of coactors "have traditionally been viewed with special suspicion." *Lee v. Illinois*, 476 U.S. 530, 541, 106 S.Ct. 2056, 2062, 90 L.Ed.2d 514 (1986), *quoting Bruton v. United States*, 391 U.S. 123, 141, 88 S.Ct. 1620, 1630, 20 L.Ed.2d 476 (1968) (White, J., dissenting). *See United States v. Dill, supra* at 387; *United States v. Yeauger*, 27 M.J. 199 (CMA 1988).

However, when the statement of a hearsay declarant interlocks with an accused's confession, it appears that a strong inference of reliability may be found. Thus, in *Cruz v. New York*, 481 U.S. 186, 107 S.Ct. 1714, 1718, 1719, 95 L.Ed.2d 162 (1987), the five-member majority observed:

> Quite obviously, what the "interlocking" nature of the codefendant's confession pertains to is not its *harmfulness* but rather its *reliability:* If it confirms essentially the same facts as the defendant's own confession it is more likely to be true. Its reliability, however, may be relevant to whether the confession should (despite the lack of opportunity for cross-examination) be *admitted as evidence* against the defendant ....

> \*   \*   \*   \*   \*   \*

> Of course, the defendant's confession may be considered at trial in assessing whether his codefendant's statements are supported by sufficient "indicia of reliability" to be directly admissible against him (assuming the "unavailability" of the codefendant) despite the lack of opportunity for cross-examination ....

The four-member minority's position was essentially the same in this respect:

> *Lee v. Illinois*, 476 U.S. [530], 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986), and *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), suggest that a codefendant's interlocking confession will often be admissible against the defendant, in which event there would not be the Confrontation Clause issue *Bruton* identified. Here, the codefendant's confession carries numerous indicia of reliability; and I gather that the Court's disposition does not deny the state courts, on remand, the opportunity to deal with the admissibility of that confession against Cruz.

481 U.S. at ——, 107 S.Ct. at 1722 (footnote omitted).

■ As we read the statements of appellant and Amaro, the interlock with respect to the charge at bar is essentially complete. Moreover, "appellant's confession ... changes the complexion of the case to a considerable degree," *United States v. Hines, supra* at 137 (footnote omitted), in that "the 'constitutional right of cross-examination' ... has far less practical value to a defendant who has confessed to the crime than to one who has consistently maintained his innocence." *Parker v. Randolph*, 442 U.S. 62, 73, 99 S.Ct. 2132, 2139, 60 L.Ed.2d 713 (1979).

■ In sum, we hold that, in the circumstances of this case, the military judge did not err in ruling that Amaro's statement was sufficiently reliable [6] to be received

---

6. The first granted issue, as framed by counsel, makes the assumption that some unknown portion of Amaro's statement was false. Hence, the argument is that the statement was unreliable and could not suffice as a substitute for confrontation. This claim of falsity is based on the following circumstances:

After Amaro confessed, the OSI agents took him to "the commander" (*i.e.,* his employer) "to tell the commander that we felt Mr. Amaro had assisted OSI and that he was trying to be honest with us." While the OSI agents were present in the room, Amaro started to indicate that some portion of his prior statement was false. At that point, the agents stopped him and advised him

under the Confrontation Clause. Thus, appellant's confession was not "uncorroborated." [7]

The decision of the United States Air Force Court of Military Review is affirmed.

Judge SULLIVAN concurs.

EVERETT, Chief Judge (concurring):

When the Government offers a co-accused's statement in evidence under the hearsay exception for declarations against interest, the circumstances under which the statement was made must be scrutinized with care. Sometimes, when considered in context, the statement really was self-serving, in that the declarant believed that he would gain by admitting to an offense but making it appear that someone else was much more to blame. *Cf. Lee v. Illinois*, 476 U.S. 530, 541, 106 S.Ct. 2056, 2062, 90 L.Ed.2d 514 (1986); *United States v. Guaglione*, 27 M.J. 268 (CMA 1988).

The test is whether the statement is reliable because the declarant must have perceived that it was against his penal or pecuniary interest. From my reading of the record, I am convinced that, when he made his confession, Mr. Amaro would have recognized that it was against both his penal and his pecuniary interest. There is no indication that Amaro was seeking to foist off any blame onto appellant. Therefore, I join in affirming the conviction.

---

of his rights, because it appeared he was about to confess to having made a false official statement. Amaro thereupon requested counsel and declined to elaborate.

After the agents departed, Amaro discussed the statement further with the commander, at least to the extent of indicating which portion of the statement he wished to "change." Therefore, to clarify the point, the prosecution called the commander as a witness to identify the portion Amaro wanted to alter. The defense, however, was successful in convincing the military judge to exclude the commander's testimony on the grounds of hearsay. Thus, it is unknown whether the "inaccurate" portion pertained to Amaro, appellant, or one of the other parties identified by Amaro.

Given the power of rationalization and the motivation of self-preservation, Amaro's attempted retraction does not automatically establish the falsity of the former version and the accuracy of the latter—contrary to the implication of the issue as framed. Moreover, as it was a defense objection that prevented further clarification of the statement, the defense should not be heard to complain of this particular lacuna.

In any event, the reliability of Amaro's statement as it concerns appellant is based not on Amaro's claims of accuracy, but primarily on appellant's own admissions. Consequently, Amaro's attempt to "change" his story does not undermine the military judge's finding of trustworthiness for purposes of admissibility. To the extent it has any force at all, it goes to the weight to be accorded the statement.

7. We agree with appellant that there was a certain bootstraping effect in the use of each statement to support the other's admission. Amaro's statement corroborated appellant's, and appellant's statement helped to establish the reliability of Amaro's. This does not undermine the validity of either statement, however, where they are obtained independently. *Cf. United States v. Lee*, 6 M.J. 96, 98 (CMA 1978).