**Antonio EVANS, Appellant,**

v.

**Denis DOWD, Appellee.**

No. 89–2338.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1991.

Decided May 8, 1991.

Michelle Gard-Ainslie, St. Louis, Mo., for appellant.

Frank A. Jung, Jefferson City, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Antonio Evans, a Missouri inmate serving a life sentence for first degree murder, appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We affirm.

## I. BACKGROUND

In the early morning hours of October 30, 1982, Richard Cunningham was shot to death while sitting in his car. The police took Evans, age seventeen, into custody at about 7:00 a.m. that morning and informed him of his *Miranda* rights. Evans had in his possession two rings belonging to Cunningham and cash in denominations Cunningham had been carrying shortly before his death. Police seized a gun from the house in which Evans was arrested, but ballistics tests proved inconclusive as to whether the gun was the murder weapon. Police found Evans's fingerprints on the window of Cunningham's car.

Evans denied having anything to do with Cunningham's death but told the police that Charles Shurn told him that Shurn and another person committed the crime. Evans remained in custody until approximately 1:30 p.m. the following day when the police took him to the prosecutor's office to make a statement concerning Shurn.

At the prosecutor's office, Evans reportedly told another witness that he committed the crime. Police then questioned Evans before a video camera. He continued to maintain his innocence and denied being at the scene of the crime. The questioning officer terminated the interrogation and turned off the equipment. According to the officer, Evans then spontaneously admitted being present at the crime scene, and the officer resumed the taped interrogation. Although Evans again admitted his presence at the scene, he continued to deny involvement in the murder. The interrogating officer repeatedly told Evans that he did not believe him, that police had eyewitnesses who would say Evans shot Cunningham, and that if he did not tell the truth, he would be returned to his cell to wait. Evans then confessed to the crime.

Evans moved for suppression of the confession, asserting it was coerced. He claimed the police beat him and tricked him into confessing by implying his statement would be used only to incriminate Shurn, not himself. The trial court denied the suppression motion, and played the taped confession for the jury. Evans appealed his conviction to the Missouri Court of Appeals, but after that court affirmed, did not apply for transfer to the Missouri Supreme Court. He later filed a petition for postconviction relief under Missouri Rule 27.26, again claiming an involuntary confession and adding a claim of ineffective assistance of counsel in not getting the confession suppressed. He did not appeal the denial of the petition.

Evans then filed this section 2254 petition. He once again claimed the confession was involuntary. He also claimed ineffective assistance of counsel at trial, on appeal, and in the Rule 27.26 proceedings because counsel abandoned him on appeal of the denial of the petition. The district court concluded that ineffective assistance of counsel in postconviction proceedings is not a ground for habeas relief, that Evans defaulted on his involuntary confession claim, and that in any event the state courts' factual findings as to the voluntariness of the confession bound the federal court.

## II. DISCUSSION

■ A procedural default potentially occurred at two points in the state court proceedings. First, Evans failed to apply for a transfer to the Missouri Supreme Court following the affirmance of his conviction on direct appeal. Transfer to the supreme court, however, is not an appeal of right and is granted only in limited circum-

stances. *See* Mo.R.Civ.P. 83.02, 83.03.[1] At oral argument the state conceded that this court has previously questioned whether an application for transfer is required for exhaustion purposes, given the low percentage of cases in which transfer is approved. *See Brown v. Armontrout,* 898 F.2d 84, 86–87 & n. 5 (8th Cir.) (state's brief acknowledged only 11% of all applications approved; citation to *Fisher v. Trickey,* 656 F.Supp. 797, 804 (W.D.Mo.1987) (district court knew of no case approving application of criminal defendant or habeas petitioner)), *cert. denied,* —— U.S. ——, 111 S.Ct. 186, 112 L.Ed.2d 149 (1990). However, we need not decide this issue, since the state attorney general conceded that Evans's failure to apply for transfer did not constitute a procedural default.[2] Moreover, even assuming a procedural default at this point, Evans would not have been barred because the state courts later considered his claims in the Rule 27.26 proceedings. *See Shaddy v. Clarke,* 890 F.2d 1016, 1017–18 (8th Cir.1989) (procedural bar inapplicable when state court has considered merits of claim after a default).

■ Evans may have defaulted, however, when he failed to appeal the denial of his Rule 27.26 petition. Thus, absent a showing of cause and prejudice, he would be barred from pursuing the claim in federal court. *Wainwright v. Sykes,* 433 U.S. 72, 90–91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). Although the district court correctly concluded that ineffective assistance of counsel in state postconviction proceedings is not a ground for habeas relief, ineffective assistance may be cause for a procedural default. *See, e.g., Simmons v. Lockhart,* 915 F.2d 372, 376 (8th Cir.1990); *Shook v. Clarke,* 894 F.2d 1496, 1497 (8th Cir.1990). Because the district court did not address Evans's ineffective assistance

claim, the record lacks sufficient documentation to assist our analysis of whether counsel was deficient in not appealing. We need not remand, however, because our review of the record convinces us that Evans's claim of an involuntary confession must fail on the merits, and he thus suffered no prejudice from counsel's alleged deficiency.

■ State courts' resolutions of factual questions are entitled to a presumption of correctness, but a federal court must determine the ultimate legal question of the voluntariness of a confession. *Miller v. Fenton,* 474 U.S. 104, 112, 106 S.Ct. 445, 450, 88 L.Ed.2d 405 (1985); *Crespo v. Armontrout,* 818 F.2d 684, 686 (8th Cir.), *cert. denied,* 484 U.S. 978, 108 S.Ct. 492, 98 L.Ed.2d 490 (1987). Given the current record and counsel's concession at oral argument that no other evidence exists, Evans cannot overcome the presumption with respect to the state court finding that he suffered no physical abuse.

■ We conclude that Evans's remaining claim of psychological coercion through subterfuge and implied threats, although a closer question than the one of physical abuse, must fail as a matter of law. A suspect's state of mind alone is insufficient to make a confession involuntary. *Colorado v. Connelly,* 479 U.S. 157, 163–67, 107 S.Ct. 515, 519–21, 93 L.Ed.2d 473 (1986); *United States v. Rohrbach,* 813 F.2d 142, 144–45 (8th Cir.), *cert. denied,* 482 U.S. 909, 107 S.Ct. 2490, 96 L.Ed.2d 381 (1987). When examining the voluntariness of a confession, we must determine whether pressures exerted by officials have overborne the suspect's will, considering both the conduct of the officials and the capacity of the suspect to resist pressure. *United States v. Jorgensen,* 871 F.2d 725, 729 (8th Cir.1989). Any questioning "of one sus-

---

**1.** Mo.R.Civ.P. 83 governs transfer of criminal appellate cases. Mo.R.Crim.P. 30.27. Rule 83.02 provides that a case may be transferred by order of the court of appeals because of the general interest or importance of the question presented or to reexamine existing law. Rule 83.03 provides that if the court of appeals denies an application for transfer, the supreme court may grant a transfer for the reasons stated in

Rule 83.02 or if the opinion filed conflicts with a previous decision of an appellate court of the state.

**2.** We commend the Assistant Missouri Attorney General for his forthright concession during oral argument that Evans had not defaulted by failing to apply for transfer and for focusing much of the argument on the merits.

pected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime." *Id.*, at 729–30 (quoting *Oregon v. Mathiason*, 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977)).

We do not condone all of the police tactics in this case. Nevertheless, upon the whole record, we cannot conclude that the officer's misstatement of the purpose of the interrogation, statements of disbelief, untrue suggestions of eyewitnesses, and statement that Evans would be returned to his cell amount to unconstitutional coercion as envisioned by *Connelly, Jorgensen,* and *Rohrbach.* *See Jorgensen,* 871 F.2d at 730 (creating fear of imminent arrest does not make confession involuntary); *cf. McDonald v. Black,* 820 F.2d 260 (8th Cir. 1987) (confession of sixteen-year-old not involuntary); *United States v. Wolf,* 813 F.2d 970, 975 (9th Cir.1987) (expressing disbelief to elicit further statements did not make confession involuntary); *Martin v. Wainwright,* 770 F.2d 918, 927 (11th Cir. 1985) (confession voluntary even though police misrepresented evidence), *modified,* 781 F.2d 185, *cert. denied,* 479 U.S. 909, 107 S.Ct. 307, 93 L.Ed.2d 281 (1986); *De La Rosa v. Texas,* 743 F.2d 299, 303 (5th Cir. 1984) (time gap did not make confession involuntary), *cert. denied,* 470 U.S. 1065, 105 S.Ct. 1781, 84 L.Ed.2d 840 (1985).

None of the actions by themselves would make the confession involuntary. The totality of the circumstances determines whether a confession was coerced. *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973); *Jorgensen,* 871 F.2d at 725. We must therefore decide whether the cumulative effect of the officer's actions resulted in an involuntary confession. That the police informed Evans several times of his right to an attorney and his right to remain silent weigh against a determination of coercion. Here, the warnings were part of the totality of the circumstances and, thus, it would be difficult to conclude that the police coerced the confession while at the same time warning Evans that he need not say anything. *See Jorgensen,* 871 F.2d at 730 (suspect never sought to terminate questioning).

Accordingly, we affirm.