UNITED STATES, Appellee,

v.

Terri L. HYDER, Airman, U.S.
Air Force, Appellant.

No. 96–1165.
Crim.App. No. S29041.

U.S. Court of Appeals for
the Armed Forces.

Argued April 10, 1997.

Decided Sept. 11, 1997.

Effron, J., filed opinion concurring in part and in the result.

Sullivan, J., filed dissenting opinion.

For Appellant: *Captain Tishlyn Taylor* (argued); *Colonel Jay L. Cohen* and *Lieutenant Colonel Kim L. Sheffield* (on brief); *Colonel David W. Madsen* and *Captain Harold M. Vaught.*

For Appellee: *Major Allen G. Erickson* (argued); *Colonel Theodore J. Fink* (on brief); *Major LeEllen Coacher.*

*Opinion of the Court*

COX, Chief Judge:

Appellant was convicted by a military judge alone sitting as a special court-martial. Contrary to her pleas, she was found guilty of wrongful use of marijuana and wrongful introduction of lysergic acid diethylamide (LSD) onto a military base, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. She was sentenced to a bad-conduct discharge, confinement and forfeiture of $300 pay per month for 2 months, and reduction to E–1. The convening authority approved the sentence as adjudged. The Court of Criminal Appeals affirmed the find-

ings and the approved sentence in an unpublished opinion dated June 7, 1996.

We granted review of the following issue on January 13, 1997:

WHETHER THE OUT–OF–COURT STATEMENT OF AIRMAN BASIC POWELL WAS IMPROPERLY ADMITTED PURSUANT TO THE RESIDUAL HEARSAY RULE [Mil.R.Evid. 803(24)] BECAUSE: (1) THE STATEMENT LACKED SUFFICIENT GUARANTEES OF TRUSTWORTHINESS, (2) THE STATEMENT WAS NOT MORE PROBATIVE THAN ANY OTHER EVIDENCE PRESENTED AT TRIAL, AND (3) THE MILITARY JUDGE SHOULD NOT HAVE CONSIDERED THE TRUSTWORTHINESS STANDARDS RECOGNIZED UNDER RULE 804 FOR PURPOSES OF ADMITTING A STATEMENT UNDER RULE 803.

*FACTS*

Appellant was escorted by her squadron section commander, Captain Hansel, to the Air Force Office of Special Investigations (OSI), on August 10, 1994, for questioning. On this day, appellant made incriminatory statements and signed a written confession, in which she admitted marijuana use with Airman Powell and also admitted bringing 1½ "hits" of LSD onto Charleston Air Force Base, S.C., for storage in Airman Powell's refrigerator in his dormitory room. Appellant contended that this statement was taken as a result of coercion by OSI agents and sought to suppress the statement at trial. The military judge made findings of fact and conclusions of law and admitted appellant's confession. This decision was upheld by the Court of Criminal Appeals. Unpub. op. at 2–3. We declined to grant review of this issue. 46 MJ 296.

One day prior to the questioning of appellant, Airman Powell was questioned by civilian and military authorities and made a confession implicating appellant, as well as others, in both drug use and distribution. This statement is what led officials to question appellant.

The primary evidence against appellant was her confession. In order to admit the confession into evidence, the Government was required to introduce corroborating evidence. Mil.R.Evid. 304(g), Manual for Courts–Martial, United States (1995 ed.). Therefore, the Government first sought to call Airman Powell to testify under a grant of immunity, which was eventually presented to Powell at trial. To further complicate matters for the Government, Airman Powell and appellant had married between the time that both statements were taken and the date of appellant's court-martial. However, Airman Powell did not invoke his spousal privilege to refuse to testify against appellant and, instead, chose to testify. But Airman Powell's testimony at trial did not support the Government's attempt to corroborate appellant's confession because Powell testified contrary to his sworn, signed confession in almost all respects. Airman Powell testified that he only implicated appellant in these offenses because he was afraid and intimidated by the investigators. He also testified, in response to leading questions by defense counsel, that investigators told him during questioning that "other people" had "dimed ... [him] out" and that appellant already "had made incriminating statements" about him to investigators. It is uncontroverted in the record, however, that the OSI did not speak with appellant until after Airman Powell had implicated her. There was no other evidence to support the contention that anyone had already implicated Powell at the time of his confession.

Powell admitted that he found LSD in his refrigerator and stated that he flushed it down the toilet immediately. But Powell denied the truth of his original statement, which was that appellant was the individual who had placed the LSD there and that he flushed it down the toilet approximately one week later because he became "scared." He also denied his original statement that he and appellant had smoked marijuana together.

At this point, the Government sought to introduce Airman Powell's confession, first for impeachment purposes and then as substantive evidence in corroboration of appellant's confession, citing Mil.R.Evid. 803(24)

as the exception to the general prohibition against hearsay evidence. Initially, the Government sought to admit the statement as a statement against penal interest under Mil. R.Evid 804(b)(3); however, this position changed once Airman Powell received immunity and became an available witness. Thus, the Government took the position that the statement was admissible under the residual exception, Mil.R.Evid. 803(24).

Based upon Article 39(a), UCMJ, 10 USC § 839(a), sessions held during the trial, the military judge made the determination to admit Airman Powell's admissions to law enforcement officials into evidence as corroboration of appellant's confession, pursuant to Mil.R.Evid. 803(24). The military judge made specific findings of trustworthiness in order to admit Airman Powell's confession under this exception.

### DISCUSSION

We consider *seriatim* the sub-issues as raised by appellant in the granted issue.

■■■ The military judge's decision to admit or exclude hearsay evidence is reviewed for an abuse of discretion. *United States v. Pollard*, 38 MJ 41, 49 (CMA 1993). The question of whether Airman Powell's statement would be admitted into evidence was heavily litigated at trial. The judge made specific findings as to the guarantees of trustworthiness inherent in Airman Powell's initial confession. Despite our dissenting colleague's opinion that it was of great importance that the investigators may have lied to Powell and told him that appellant had already "dimed [him] out," we find this assertion, even if true, of no moment. *See Evans v. Dowd*, 932 F.2d 739, 742 (8th Cir.1991); *United States v. Carter*, 910 F.2d 1524, 1529 (7th Cir.1990).

The facts of this case are almost identical to those in *United States v. Yeauger*, 27 MJ 199 (CMA 1988). Although we stated in that case that we determine questions of admissibility under Mil.R.Evid. 803(24) by evaluating each proffer on its own merits, this case is so factually similar as to be indistinguishable. *See* 27 MJ at 203 n. 7.

In *Yeauger* the military judge admitted against the accused, under Mil.R.Evid. 803(24), an oral, unsworn, custodial statement of a co-actor. In that case, the judge also made detailed findings that the statement had sufficient indicia of trustworthiness. 27 MJ at 201. In *Yeauger*, as here, the declarant was available for cross-examination regarding the prior statement. Even stronger in this case is the fact that the admitted statement was sworn and implicated the declarant's fiancée. These factors provide even more reliability than those we held to be sufficient in *Yeauger*.

Our dissenting colleague continues to confuse the differences between Mil.R.Evid. 803(24) and 804(b)(5). *See United States v. McGrath*, 39 MJ 158 (CMA 1994). Granted, both rules require an analysis of trustworthiness before the military judge can admit the out-of-court declaration into evidence. If, however, the declarant is present and testifies, we do not have a Sixth Amendment confrontation problem. We have consistently recognized a difference in the analysis between the reliability determination required when there are confrontation concerns and when the declarant actually testifies in the trial of the case. *United States v. Martindale*, 40 MJ 348 (CMA 1994); *United States v. McGrath, supra; United States v. Koistinen*, 27 MJ 279 (CMA 1988).

Secondly, our dissenting colleague gives no weight to the fact that the confessions in this case were interlocking. *Cruz v. New York*, 481 U.S. 186, 192–194, 107 S.Ct. 1714, 1718–19, 95 L.Ed.2d 162 (1987); *Koistinen, supra* at 282; *Yeauger, supra* at 202. The cases that our colleague relies upon are in no way similar to this case. As can be discerned from an examination of these cases, *United States v. Greer*, 33 MJ 426 (CMA 1991), was a Mil.R.Evid. 804(b)(3) case. The declarants were not available; therefore, as recognized in the opinion, we did not consider corroborating external evidence. *Id.* at 431. Moreover, the Supreme Court has taken the same approach in *Williamson v. United States*, 512 U.S. 594, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994), which was also an 804(b)(3) case. Again, in *Williamson* the declarant refused

to testify, which made him unavailable for cross-examination.

Therefore, given the record in this case, we find no abuse of discretion by the military judge in admitting Powell's confession pursuant to Mil.R.Evid. 803(24).

Turning to the second sub-issue, we look to see what other evidence was available at trial that was sufficient to corroborate appellant's confession. Appellant argues that the most probative evidence for the judge to consider was Powell's in-court testimony, rather than his out-of-court statement. But this Court is concerned with admission of probative evidence to support the reliability of the confession, not the ultimate conclusion that appellant smoked marijuana with Powell. The record is clearly devoid of any other evidence to corroborate the reliability of the confession. Thus, Powell's confession, which was found to be admissible by the military judge in a judge-alone trial, became an essential piece of evidence. The statement was thus the most—in fact the only—probative piece of evidence available for this purpose.* We find this issue without merit.

▪ Third, we examine the findings made by the military judge to determine whether the judge abused his discretion in considering that the statement was against Powell's penal interests. *Pollard, supra* at 49. As this Court stated in *Yeauger,* 27 MJ at 202:

> Once proffered evidence meets the foundational requirements for any of these exceptions, it is admissible without independent judicial certification of reliability.... Thus, inclusion within one of these categories is not conclusive of reliability. By the same token, a guarantee of reliability is not necessary for a statement to be "equivalent" to such an exception.

Here, the judge considered six factors in order to determine the statement's trustworthiness. Specifically, the military judge found that (1) Airman Powell was discussing recent events in his statement and, thus, was unlikely to be confused as to his recollection; (2) Airman Powell had written the statement by his own hand and had made appropriate corrections; thus there was very little likelihood that there was an error in transmission; (3) the statement was made against his penal interests; (4) although Airman Powell testified that he was motivated to help himself by inculpating others, he was less likely to make up a story about a woman with whom he was discussing marriage and was then a "near fiancée"; (5) Airman Powell's statement was externally corroborated by appellant's statement, which was made after he had given his statement; and (6) the statement was sworn to and signed after its completion.

One of these factors was that the statement was against Powell's penal interest, which is an exception unto itself if the declarant is unavailable. *See* Mil.R.Evid. 804(b)(3); *Lee v. Illinois,* 476 U.S. 530, 543–45, 106 S.Ct. 2056, 2063–64, 90 L.Ed.2d 514 (1986). Because the declarant was available as a witness in this case, this exception was not available. However, inapplicability of this rule because of the declarant's availability does not render the logical underpinnings for Mil.R.Evid. 804 completely unpersuasive. *See Lee v. Illinois, supra.* This factor was considered along with several other circumstances. Here, the judge properly considered and balanced the fact that the declarant's statement placed himself in legal jeopardy, along with the other five factors, and on the whole "arrived at a defensible conclusion." *See Yeauger, supra* at 203, citing *United States v. Hines,* 23 MJ 125, 135–36 (CMA 1986). We thus agree that the judge properly considered the statement as corroborative evidence of appellant's confession.

---

* Over the past several years on this bench, I have written separately to express my concern that Mil.R.Evid. 304(g), Manual for Courts–Martial, United States (1995 ed.), notwithstanding its glorious generosity to the prosecution, nevertheless did not overrule the common-law requirement that the Government establish the *corpus delicti* by independent evidence. *See United States v. Maio,* 34 MJ 215, 220 (CMA 1992)(Cox, J., concurring). Although this case involved a motion litigated in accordance with a not-guilty plea, we need not reach the question here whether this evidence would have been sufficient to sustain the findings of guilty, as opposed to only serving as slight corroboration under Mil.R.Evid. 304(g)(1), since the issue was not litigated below and presented to this Court in this light. This question is best left for another day.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judges CRAWFORD and GIERKE concur.

EFFRON, Judge (concurring in part and in the result):

I agree that the military judge did not abuse his discretion in admitting into evidence Airman Powell's confession for the limited purpose of corroborating appellant's confession. The military judge found sufficient indicia of trustworthiness to admit Airman Powell's statement under the residual-hearsay exception, Mil.R.Evid. 803 (24), Manual for Courts-Martial, United States (1995 ed.). I agree with four of the six factors relied upon by the military judge: (1) the recent nature of the events; (2) the fact that Airman Powell wrote out the statement in his own handwriting; (3) the interlocking nature of the descriptions in the confessions from appellant and Airman Powell; and (4) the execution of a sworn statement.

I write separately because I believe the military judge erred with respect to the two other factors he noted, which are cited with approval by the majority.

The military judge cited the marital-engagement relationship between appellant and Airman Powell, the declarant, as an indicator of trustworthiness. The majority acknowledges that the interrogators lied to Powell when they told him that his fiancee, appellant, already had "dimed [him] out." Although that lie, alone, would not likely be viewed as coercing an involuntary statement from Powell, see Evans v. Dowd, 932 F.2d 739, 742 (8th Cir. 1991); United States v. Carter, 910 F.2d 1524, 1529 (7th Cir. 1990), it undermines confidence that the relationship otherwise would have provided in assuring reliability of Powell's subsequent statement that incriminated appellant.

The military judge also cited the fact that Powell's statement included an admission against his own penal interest. I agree with our dissenting colleague that Williamson v. United States, 512 U.S. 594, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994); United States v. Greer, 33 MJ 426 (CMA 1991); and United States v. Yeauger, 27 MJ 199 (CMA 1988), indicate that a statement which contains both a statement against the declarant's interest and a statement against a third party's interest is admissible only with respect to the statement against the declarant's interest. The fact that Powell's statement contained an admission against his penal interest is relevant to consideration whether that part of his statement is reliable, under the rationale that a person usually would not falsely incriminate himself. See Mil.R.Evid. 804 (b)(5). That fact has no similar logical relevance, however, to reliability of the part of his statement in which he incriminated someone else.

Notwithstanding these concerns, I agree with the majority that the military judge did not abuse his discretion in admitting Powell's statement, particularly in view of the interlocking nature of the statement and appellant's confession. Moreover, the statement came in for the limited purpose of corroborating appellant's confession, not as important substantive evidence that was necessary to support the findings of guilty. Mil.R.Evid. 304 (g)(1) suggests that evidence that itself may not be particularly impressive in "amount and type" may serve this corroboration requirement. Upon this basis, I join in affirming the decision below.

SULLIVAN, Judge (dissenting):

It is a time-worn judicial observation that "[h]ard cases ... make bad law." Ex parte Long, 3 W.R. 19 (1854) (Campbell, Lord Chief Justice). Many jurists over the years have uttered this judicial truism (i.e., Justice Oliver Wendell Holmes, Jr.,— Northern Securities Co. v. United States, 193 U.S. 197, 400, 24 S.Ct. 436, 486–87, 48 L.Ed. 679 (1904)), and today I join them. This case not only makes bad law but also overlooks binding precedent.

What is so remarkable about the majority's opinion is that it raises a first statement given by a suspect in a police interrogation up to the extraordinary level of a hearsay exception. I am sure police officers all over the world will be extremely interested in the

unique path the majority has chosen to break ground. It is no secret that a large number of experienced police officers rarely take the suspect's first statement as gospel. Today, the majority's new approach to truth-telling may convince the police to listen more closely to what one suspected of a crime may initially say. I, on the other hand, would take an obvious, well-trod path to resolve the justice of this case in a more traditional manner.

I think it is the facts that first lead the majority astray. The record shows that appellant and Airman Basic Powell were seriously dating in August of 1994. (R. 141) Subsequently, but still prior to trial, they were married further complicating the factual and motivational basis for the statements of appellant and Powell prior to and during the trial. On August 10, 1994, Powell was taken into custody and gave agents of the Office of Special Investigations (OSI) a statement that implicated appellant in the marijuana and LSD charges eventually filed against her. Powell says this statement was given under pressure (R. 138, 140–41) *and only after the OSI told him that appellant, his girlfriend, had incriminated him in drug use* (R. 142). At trial, Powell recanted this pretrial statement. Nevertheless, this statement was admitted in evidence as corroboration of appellant's confession under a residual-hearsay exception, largely because it was "against his [Powell's] penal interest." (R. 158) *See* Mil.R.Evid. 803(24), Manual for Courts–Martial, United States, 1984 (residual-hearsay exception for available declarants); *cf.* Mil.R.Evid. 804(b)(3)(declaration-against-interest exception for unavailable declarants).

The majority agrees with the military judge's decision to let the statement in under Mil.R.Evid. 803(24). I do not. Mil.R.Evid. 803(24) has too high a hurdle of trustworthiness to overcome to allow this particular police-secured statement into evidence. *See*

*United States v. Giambra*, 33 MJ 331, 334 (CMA 1991) (highly reliable evidence required). Before making his statement, Powell was told by the police that his girlfriend "had dimed [him] out," a fact downplayed by the majority. *See generally United States v. Noel*, 938 F.2d 685, 689 (6th Cir.1991); *cf. United States v. Valdez–Soto*, 31 F.3d 1467, 1472 (9th Cir.1994) (interrogated co-actor had no idea how much police knew). Thus, it was equally in his interest to incriminate his girlfriend for her betrayal of him.* To attempt to rescue appellant's conviction in this case by stretching Mil.R.Evid. 803(24) beyond reason renders this rule meaningless. If we follow the dangerous path of the majority, we may as well just admit under Rule 803(24) all statements to the police by people in custody.

Let us look at the law of the majority. Initially, with regard to the main case relied upon by the majority, I must observe that *United States v. Yeauger*, 27 MJ 199 (1988), was issued by this Court before the decision of the Supreme Court in *Williamson v. United States*, 512 U.S. 594, 600–01, 114 S.Ct. 2431, 2435, 129 L.Ed.2d 476 (1994) ("In our view, the most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory."). Moreover, the majority makes no attempt to reconcile *Yeauger* or this case with this Court's subsequent decision in *United States v. Greer*, 33 MJ 426 (1991). In view of the majority's reliance on "the logical underpinnings for Mil.R.Evid. 804[ (b)(3) ]" (statement-against-interest exception) 47 MJ 49, I find its admissibility rationale too broad and most unpersuasive. *See United States v. Mendoza*, 85 F.3d 1347, 1352 (8th Cir.1996).

In sum, I believe the judge erred in holding admissible the statement by Powell given

* "Persons will lie despite the consequences to themselves to exculpate those they love or fear, to inculpate those they love or fear, or because they are congenital liars." *United States v. Noel*, 938 F.2d 685, 689 (6th Cir.1991), quoting 4 *Weinstein's Evidence* § 804(b)(3)[01](1990). The two cases cited by the majority, *Evans v. Dowd*,

932 F.2d 739, 742 (8th Cir.1991), and *United States v. Carter*, 910 F.2d 1524, 1529 (7th Cir. 1990), address the impact of threats against a spouse on the voluntariness of a confession. They do not address trustworthiness of the statement under the residual-hearsay exception, the case at bar today.

during his interrogation immediately after his arrest and immediately after he was told that appellant made incriminating statements about him. (R. 142) Powell had nothing to lose legally or emotionally in vengefully inculpating his girlfriend, so the trustworthiness of his pretrial statement is inherently suspect. *Id.* In addition, the majority has erred legally in reaching a contrary conclusion based on the voluntariness of Powell's statement. That simply is not an issue in this case.

What I would do in this case is this. As explained above, Powell's pretrial statement does not come in because it cannot meet Rule 803(24)'s high threshold of trustworthiness. However, Powell's statement at trial that "the LSD was in the refrigerator" (R. 136–140) does corroborate the LSD portion of appellant's confession. *See United States v. Maio*, 34 MJ 215 (CMA 1992) (only slight evidence required for corroboration). Therefore, I would only reverse appellant's marijuana conviction because that portion of her confession has no corroboration. I would affirm the LSD conviction because her confession to the LSD offense is corroborated. Looking at the sentence in light of her crime of the introduction of LSD onto a military base, I would affirm the present sentence. In my view, justice and the stability of the law are better served by this approach.