# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Staff Sergeant JERRY D. CLEVELAND**
**United States Army, Appellee**

ARMY MISC 20170268

Headquarters, 7th Infantry Division
Lanny Acosta, Jr., Military Judge
Colonel Russel N. Parson, Staff Judge Advocate

For Appellant: Colonel Mark H. Sydenham, JA; Major Michael E. Korte, JA; Captain Samuel E. Landes, JA; Captain Linda Chavez, JA (on brief); Major Michael E. Korte, JA; Captain Samuel E. Landes, JA (on reply brief).

For Appellee: Lieutenant Colonel Christopher D. Carrier, JA; Captain Cody D. Cheek, JA; Captain Ryan T. Yoder, JA (on brief).

16 June 2017

--------------------------------------------------------------------
MEMORANDUM OPINION AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
--------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

We consider the appeal by the United States on a narrow issue of law concerning the residual hearsay exception. *See* Article 62, Uniform Code of Military Justice [hereinafter UCMJ]; Military Rule of Evidence [hereinafter Mil. R. Evid.] 807. At trial, the government sought to admit the prior statements of a child, Miss HC, made during a forensic interview that she had been abused by the accused. The child is available to testify, but has recanted what she said during the interview. The military judge found, and all parties agree, she is expected to testify at trial there was no abuse by the accused.

The military judge excluded HC's pretrial statements under the residual hearsay exception after determining the statements were not the "best evidence on the issue of whether the alleged abuse occurred." The military judge determined as HC was willing to testify, her testimony would be the best evidence—notwithstanding she would deny the abuse. We find the military judge erred and therefore set aside his ruling and return the case to him for reconsideration in light of this opinion.[1]

Military Rule of Evidence 807(a) provides:

> Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if not specifically covered by a hearsay exception in Mil. R. Evid. 803 or 804:
>
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
>
> (2) it is offered as evidence of a material fact;
>
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
> (4) admitting it will best serve the purposes of these rules and the interest of justice.

---

[1] In his brief the accused makes several substantive, if collateral, arguments. First the accused notes the residual hearsay exception is not "firmly rooted," HC's statements are "testimonial" and therefore he has the right to confront his accuser under the Confrontation Clause. *See generally Crawford v. Washington*, 541 U.S. 36, 51-54 (2004). That is, appellant argues even if the statements are admissible as residual hearsay, for the court-martial to consider them HC must testify, even if to be asked a single question. We leave it to the accused to determine whether to assert his right to confront HC at trial and for the military judge to ensure enforcement of the right. Second, appellant notes the military judge never ruled on whether the forensic interview statements met the remaining requirements for admissibility under Mil. R. Evid. 807. We do not directly address these concerns as the accused may raise them to the military judge upon remand without prejudice.

As the military judge excluded the evidence under the third prong (without directly ruling on whether the evidence met the other requirements), we address only the narrow issue before us. For purposes of this interlocutory appeal, it is undisputed HC previously made statements describing abuse. It is also undisputed HC will now testify there was no abuse. That is, this is not a case where the child-witness lacks memory of the abuse and therefore is "unavailable" to testify. Indeed, she is available to testify; she will testify there was no abuse.

The question here is what is meant by the requirement in the rule the statement "is more probative on the point for which it is offered than other evidence that the proponent can obtain through other reasonable efforts"? Is evidence "probative on the point for which it is offered" if it clearly proves the opposite of what the offering party wants? Does the statement need to be *favorable* to the offering party?

The military judge appears to have viewed the rule as being content neutral. That is, since HC was available to testify about *whether* she was abused, her testimony would be the "best evidence" to answer that question. Essentially, the military judge determined as HC was available to testify about the alleged abuse, the residual hearsay exception would never apply because, as he put it, "there is no better evidence on the issue of whether the charged offenses occurred" then HC's own testimony. In essence, the military judge found that the declarant must be "unavailable" to testify. Unlike Mil. R. Evid. 804, Mil. R. Evid. 807 has no requirement the declarant be unavailable as a precondition for admission of residual hearsay. The military judge misapplied the rule and misinterpreted the case law.[2]

We think the confusion likely stems from a series of cases where courts have held it was error to admit residual hearsay "when the evidence is not unreasonably difficult to obtain directly from an available declarant." *United States v. Czachorowski*, 66 M.J. 432, 436 (C.A.A.F. 2008) (citing *United States v. Scrima*, 819 F.2d 996, 1001 (11th Cir. 1987); *United States v. Giambra*, 33 M.J. 331, 334 (C.M.A. 1991) ("What could be more probative on the point of the assault than the victim's own testimony that she was assaulted. . . . Her live testimony was certainly more probative than her ex parte pretrial statement."); *United States v. Azure*, 801 F.2d 336, 342 (8th Cir. 1986); *see also United States v. Taylor*, 792 F.2d 1019, 1027

---

[2] Consider if the facts were reversed and HC previously said there was "no abuse" but now claims appellant assaulted her. If the prior statement otherwise met the requirement for residual hearsay, would we ever tell the accused the "best evidence" of the witness's prior statement there *was no* abuse was her in-court testimony that there *was* abuse?

(11th Cir. 1986) (finding error in the trial court's admission of hearsay evidence when the declarant could have been questioned about her own statements).

However in each of these cases, the declarant's trial testimony would have been the same or similar to his or her prior statement. That is, a party likely cannot admit residual hearsay under Mil. R. Evid. 807 when the witness is available to testify and would repeat their prior statement. In such cases the in-court testimony is usually the better evidence than any out of court statement. However, that is not the case here.

Offered to prove the stoplight was green, testimony that the stoplight was red is not more probative than a prior statement that the stoplight was green. The rule requires that the evidence be "more probative *on the point for which it is offered* than other evidence." Mil. R. Evid. 807(a)(3) (emphasis added). The Court of Appeals for the Armed Forces (CAAF) has described this prong as a requirement that the evidence be "necessary." *United States v. Haner*, 49 M.J. 72, 77-78 (C.A.A.F. 1998) (the rule establishes requirements for necessity, materiality, and reliability). Indeed, perhaps the second most important book to military justice practitioners after the *Manual for Courts-Martial* elucidates "[t]he case for admission is stronger when the necessity is absolute, e.g., where there is no other reliable evidence." Edward J. Imwinkelried et al., *Military Evidence Foundations*, § 11-15[1] (4th ed. 2010).

In several cases the CAAF has addressed residual hearsay within the context of witness recantations. In *United States v. Pollard*, 38 M.J. 41 (C.A.A.F. 1993), the court found no error in admitting statements of residual hearsay because of a recanting witness. The court viewed the "necessity" of the residual statements as being necessary *to the government's case*. Indeed, the CAAF found the necessity so plain it was not worth addressing. *Id*. at 49 ("The materiality of the statements is not in issue in this case, and there is no question that they were "necessary" to the Government's case."); *see also United States v. Johnson*, 49 M.J. 467 (C.A.A.F. 1998); *United States v. Hyder*, 47 M.J. 46 (C.A.A.F. 1997) (prior statement of a recanting witness allowed under residual hearsay); *United States v. Guaglione*, 27 M.J. 268, 277 (C.M.A. 1988) (Cox, J., concurring) (with regards to "the so-called residual hearsay provisions. . . . An especially interesting situation is presented when, as here, the declarant is available for cross-examination at trial (thus eliminating confrontation problems), and he testifies in a manner inconsistent with a pretrial statement"); *United States v. Yeauger*, 27 M.J. 199 (C.A.A.F. 1988); *United States v. Powell*, 22 M.J. 141 (C.A.A.F. 1986).

Accordingly, we find the military judge erred when he found HC's potential trial testimony of no abuse was the best evidence for the government that there was abuse.

CLEVELAND—ARMY MISC 20170268

## CONCLUSION

The appeal of the United States pursuant to Article 62, UCMJ, is GRANTED. The military judge's 4 April 2017 ruling is VACATED. The record will be returned to the military judge for action consistent with this opinion.

Senior Judge MULLIGAN and Judge FEBBO concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court